COLE *v.* HAYNES.

Feb. 9, 1953

No. 38654 19 Adv. S. 11 62 So. 2d 779

*Crawley & Ford,* for appellant.

*Means Johnston* and *J. J. Fraiser, Jr.,* and *Johnson & White,* for appellee.

ETHRIDGE, J.

The principal questions are whether the contract between the parties is an option or contract of sale, and if

the latter, whether a vendee in an executory contract of sale of land has an equitable lien on that land for the return of his down-payment, upon the failure of the seller to make a good title. This is an appeal from a decree of the Chancery Court of Holmes County sustaining the general demurrer of appellee, defendant below, A. P. Haynes, to the bill of complaint of appellant, complainant below, T. C. Cole. An appeal was allowed to settle controlling questions of law. Hence for present purposes we must assume the averments of the bill to be correct.

On December 26, 1951, Cole and Haynes executed an "Option Contract and Agreement," under which Haynes, a resident of Greenwood in Leflore County, agreed to sell Cole a 586-acre farm in Holmes County, together with certain personal property, for a stated consideration of $10,000.00. Cole was to pay that amount to Haynes on or before 6 P. M. February 1, 1952, at which time Haynes would execute to Cole a general warranty deed conveying to Cole a fee simple title or such title as may be acceptable to Cole. Cole paid Haynes upon execution of the contract $3,250.00, and Haynes obligated himself to make the stated conveyance on or before the stated date. It was agreed that if Haynes was not able to convey to Cole a fee simple or other title acceptable to Cole by February 1, 1952, then the contract would be void and Haynes would repay to Cole the $3,250.00. The instrument provided that the covenants and agreements should bind and inure to the benefit of the heirs, personal representatives and assignees of both parties. The transaction was referred to as a "sale" and reference was made to "the purchase price."

Haynes was unable to clear title to the property by February 1, 1952. There were substantial outstanding and adverse mineral interests owned by other persons, an outstanding deed of trust on part of the property, and other material defects in the title at that time. Previ-

ously on January 26, 1952, Cole had advised Haynes that the title defects would have to be cleared up in time, and on February 1st an attorney representing Haynes advised Cole's attorney that he had cleared up the title to timber on the lands, but that he was not able to eliminate other defects. Thereupon Cole's attorney advised the defendant's counsel that if Haynes could convey a fee simple title by 6 P. M., February 1, 1952, Cole would accept the deed and pay the balance of the purchase price, but that failure to do so Cole would expect repayment of his $3,250.00. Haynes made no further effort to obtain and convey to Cole a fee simple title, but refused to repay Cole the $3,250.00, contending that it was consideration for an option, or that it was liquidated damages for Cole's failure to complete the purchase. The bill charged that Haynes had taken this sum paid him by Cole and used it for payment of an outstanding indebtedness on this property.

The bill of complaint asked the court to construe the contract of December 26, 1951, between Cole and Haynes, to adjudicate whether defendant Haynes could convey a fee simple title, to relieve complainant from the asserted penalty and forfeiture, and to affix a lien upon the land of Haynes for the repayment to complainant Cole of the down-payment of $3,250.00.

Appellee filed a general demurrer to this bill, asserting that it had no equity, that complainant had a full, adequate and complete remedy in a court of law, and that the Chancery Court of Holmes County had no jurisdiction of the parties or of the subject matter. The decree sustained this demurrer, erroneously, we think.

We will not quote at length from the contract of December 26, 1951, between Cole and Haynes. Its substantial terms have been outlined above. We are satisfied that this instrument evidences the intent of the parties to create an executory contract binding on both parties for the sale of the land; and that under its terms

if appellee was unable to make a good title on February 1, 1952, the contract was thereby rescinded and appellee was obligated to repay to appellant the down-payment made by appellant. Appellee was unable to make good title, so under this contract he is obligated to repay appellant. ▮▮ Whether the nature of a contract is an option or a bilateral obligation to purchase is to be determined not by the name which the parties have given it, but by the nature of the obligations which it imposes. Where it appears that the general intention of the parties was to consummate a sale, that intention should be effectuated. The entire present instrument indicates that the parties thought that this was a contract to purchase and sell, creating mutual obligations on both parties. 55 Am. Jur., Vendor and Purchaser, Secs. 27-30; Anno. 3 A. L. R. 576; Anno. 87 A. L. R. 563. The only reference to an exception in the vendee lies in the fourth to the last paragraph, in which the vendee may at his option obtain a deed to the property before the deadline of February 1st. This apparently was designed to give Cole the privilege of obtaining his deed before that date if he was satisfied with the title. It did not relieve him from his obligation to purchase.

Appellee argues, however, that even if he has a duty to refund to appellant the amount of the down-payment, still appellant's right is solely in personam; that appellant must therefore sue appellee in the county of appellee's residence; and that appellant therefore cannot bring a suit in equity in Holmes County where the land is located, seeking to impose an equitable lien on the land. However, established principles of justice and law indicate a different conclusion. 55 Am. Jur., Vendor and Purchaser, Section 548, states that ▮▮ the general rule is that a purchaser under an executory contract for the sale and purchase of land is entitled to an equitable lien upon the land for the amount which he has paid upon the purchase price, where the vendor is in default or unable to make

a good title. Sec. 549 says this with reference to the nature and basis of the lien:

"The lien of a purchaser of land under an executory contract for the amount which he has paid is to secure to him the repayment of expenditures made in pursuance of the contract. The exact nature of this lien is not clear. The doctrine has been quite generally applied without any discussion as to the nature of the lien, except, perhaps, the statement in general terms that it was an equitable lien, very similar to that of a vendor for unpaid purchase money. It has been said that the basis of the lien is the well-known fundamental rule that in equity what is agreed to be done is regarded as done, so that from the time that a contract is made for the purchase of real estate, the vendor is, in a sense, a trustee for the purchaser, and the purchaser in a sense is the real owner of the land, so that each, under the ordinary equitable rules, has a lien for his protection. The whole practice in equity with reference to such contracts is clearly on the basis that the parties are under equal equitable obligations to each other. It has also been said that all the reasoning by which the vendor's equitable lien for the purchase money after a conveyance is established is applicable in support of the vendee's lien after full or part payment and before conveyance, and that it is difficult to imagine upon what principle a court of equity could enforce the one and deny the other."

To the same effect are 66 C. J., Vendor and Purchaser, Secs. 1583-1587, pages 1495-1501; Anno. Right of Vendee under an Executory Land Contract to a Lien for Amount paid on the Purchase Price, 45 A. L. R. 352 (1926). In Davis v. Heard, 44 Miss. 50 (1870), a vendee filed a bill in chancery seeking damages, an injunction restraining transfer by the vendor of the remaining promissory notes he had given, and for a lien on the land for the purchase money advanced. In affirming a decree for the complainant which gave him a lien on the lands,

it was held that "the natural equity and intrinsic justice of this lien commend it to the favorable consideration of a court of chancery," and that the complainant vendee, upon default by the vendor, "has an equitable lien on the land for the reimbursement of the money advanced upon it, similar to that of the vendor for unpaid purchase money." The principles stated in the foregoing authorities are sound and warrant the recognition here of such an equitable lien in appellant.

That being true, appellant had the right to bring this suit in the chancery court of the county in which the property is located. Code of 1942, Sec. 1274; Griffith, Miss. Chancery Practice (2d ed. 1950), Secs. 151-154. For these reasons this case is reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

*Roberds, P. J.,* and *Kyle, Arrington* and *Lotterhos, JJ.,* concur.