Bell, J.
Several procedural questions are raised by the appellees, not the least of which is a defect of parties. Appellees contend that, since the answer and amended cross-petition show that the contract was made between appellees and the appellant and her husband, the issues can not be determined herein unless the husband is also a party defendant. We believe, however, that the answer and amended cross-petition sufficiently state a cause of action in favor of appellant. The question whether the husband is a necessary party can be raised easily by demurrer for nonjoinder of parties and its consideration is not necessary in a determination as to the motion involved here.
*395 Although we recognize that the answer and amended cross-petition may be ineptly drawn, we believe they are sufficiently definite to raise the question, Does a purchaser in an executory contract for the sale of real property have an equitable lien for the amount paid on the purchase price, where such contract is breached by the vendor?
This is a question of first impression in Ohio, although the following dictum in Massie’s Heirs v. Donaldson, 8 Ohio, 377, would indicate the recognition of such a lien: ‘ ‘ The vendee as well as the vendor has a lien on the land; the latter for the unpaid purchase money, and the former for the purchase money prematurely paid.” Although the point was not clearly raised in that case, the editors of Ohio Jurisprudence apparently accepted the Massie case as authority for the statement that a purchaser’s lien obtains in Ohio. See 40 Ohio Jurisprudence, 1143, Section 230.
The question has been passed on directly by the courts of last resort of several other states. In Cole v. Haynes, 216 Miss., 485, 62 So. (2d), 779, 33 A. L. R. (2d), 1378, paragraph three of the syllabus reads:
“The general rule is that a purchaser under an executory contract for the sale and purchase of land is entitled to an equitable lien on the land for the amount he has paid upon the purchase price where the vendor is unable to‘make a good title, or is otherwise in default.”
Ethridge, J., speaking for the court in that case, said:
“Appellee argues, however, that even if he has a duty to refund to appellant the amount of the down-payment, still appellant’s right is solely in personam; that appellant must therefore sue appellee in the county of appellee’s residence; and that appellant therefore cannot bring a suit in equity in Holmes *396 County where the land is located, seeking to impose an equitable lien on the land. However, established principles of justice and law indicate a different conclusion. 55 Am. Jur., Vendor and Purchaser, Section 548, states that the general rule is that a purchaser under an executory contract for the sale and purchase of land is entitled to an equitable lien upon the land for the amount which he has paid upon the purchase price, where the vendor is in default or unable to make a good title. Section 549 says this with reference to the nature and basis of the lien:
“ ‘The lien of a purchaser of land under an executory contract for the amount which he has paid is to secure to him the repayment of expenditures made in pursuance of the contract. The exact nature of this lien is not clear. The doctrine has been quite generally applied without any discussion as to the nature of the lien, except, perhaps, the statement in general terms that it was an equitable lien, very similar to that of a vendor for unpaid purchase money. It has been said that the basis of the lien is the well known fundamental rule that in equity what is agreed to be done is regarded as done, so .that from the time that a contract is made for the purchase of real estate, the vendor is, in a sense, a trustee for the purchaser, and the purchaser in a sense is the real owner of the land, so that each, under the ordinary equitable rules, has a lien for his protection. The whole practice in equity with reference to such contracts is clearly on the basis that the parties are under equal equitable obligations to each other. It has also been said that all the reasoning by which the vendor’s equitable lien for the purchase money after a conveyance is established is applicable in the support of the vendee’s lien after full or part payment and before conveyance, and that it is difficult to imagine upon what principle a court of equity could enforce the one and deny the other.’ ”
*397 A vendor’s lien has long been recognized in equity in this state. See Jackman v. Hallock, 1 Ohio, 318, 13 Am. Dec., 627; Hume v. Dixon, 37 Ohio St., 66; Miller v. Albright, 60 Ohio St., 48, 53 N. E., 490. And such a lien is now guaranteed by statute. Section 5301.26, Revised Code. It is indeed “difficult to imagine upon what principle a court of equity could enforce the one and deny the other.”.
An annotation in 33 A. L. R. (2d), 1384, following the report of Cole v. Raynes, supra, reveals that some 20 jurisdictions in the United States recognize a purchaser’s lien.
We believe that those cases express a salutary rule and one that should be adopted in Ohio. Therefore, we hold that, where an executory contract for the sale of real property is breached by the vendor, the purchaser is entitled to an equitable lien for the amount he has paid on the purchase price.
It is contended by appellees that, even though a purchaser’s lien did obtain in Ohio, appellant would not be entitled to such a lien because she abandoned possession of the premises under the contract prior to the commencement of this action. Appellees cite Jaeger v. Hardy, 48 Ohio St., 335, 27 N. E., 863, as authority for the proposition that to protect his interest under a land contract the purchaser must remain in possession. Although the facts in the Jaeger case are easily distinguished from those in the instant case, we do not believe it necessary to decide this question at this time. The answer and amended cross-petition of the appellant, upon which the lower courts ruled, specifically allege that, at the time this action was filed, “Edith F. Lichota was in possession of a portion of the premises. ’ ’ Whether the appellant can sustain those allegations of her answer and amended cross-petition which entitle her to a lien is a matter of fact to be decided by the trial court. We hold only *398 as to the recognition of the purchaser’s lien and appellant’s right to assert it.
The judgment of the Court of Appeals is reversed, and the cause remanded to the Court of Common Pleas for further proceedings in accordance herewith.

Judgment reversed.

Weygandt, C. J., Matthias, Hart, Zimmerman, Stewart and Taet, JJ., concur.