93 N.J. Super. 442 (1967)
226 A.2d 51
PLAINFIELD COURIER NEWS CO., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
LORETTA S. HOLLANDER, WIDOW, EUGENE SPENCER, JR. AND CLARA SPENCER, HIS WIFE, KATHRYN S. TERRY AND PERCY TERRY, HER HUSBAND, ELIZABETH S. BATKIN AND HARRY R. BATKIN, HER HUSBAND, WALTER SPENCER AND RITA SPENCER, HIS WIFE, AND OLIVER E. WELCH, AS ATTORNEY FOR THE ESTATE OF EUGENE SPENCER, SR., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided January 11, 1967.
Messrs. Hetfield & Hetfield, attorneys for plaintiff (Mr. Joseph Hetfield appearing).
Mr. Oliver E. Welch, attorney for defendants.
*443 HERBERT, J.S.C.
On July 15, 1966 plaintiff contracted to purchase from defendants (other than defendant Welch) certain lands in Bridgewater Township, Somerset County. Plaintiff now sues to cancel the contract and for a money award which will include its down payment of $10,000 plus search fees and interest. Among the demands of the complaint is one that the judgment shall impose "a lien upon the premises for the amount found to be due." At the base of the suit are allegations that the title is unmarketable and the plaintiff is therefore entitled to the relief it seeks.
Defendants have moved for a change of venue to Somerset County. They rely on the first sentence of R.R. 4:3-2:
"In actions affecting the title to real property or an interest therein, possessory or otherwise, or for damages thereto, or appeals from assessments for improvements, the venue shall be laid by the plaintiff in the county in which any property affected is situate."
Plaintiff opposes defendants' motion, contending that it sues only for a money judgment; that any judgment in the Superior Court for money carries with it a state-wide lien on real estate, which lien has no bearing at all upon a question of venue, and that the lien demanded here is nothing more than the usual statutory judgment lien and does not make this case one "affecting the title to real property or an interest therein." Plaintiff's contention that this action, where venue is concerned, is like any other suit for money, must be rejected. The demand in the complaint for imposition of a lien upon the premises described in the contract is more than a routine and unnecessary demand for the benefits of our statutes which make money judgments liens on lands. When the contract was executed plaintiff acquired equitable title to whatever interests the sellers had in the premises. Plaintiff  if it can prove its case  now has a lien for the amount paid by it and accordingly could assert priority over subsequent lien claimants and transferees not entitled to protection as bona fide purchasers for value without notice or by statute.
*444 In Richeimer v. Fischbein, 107 N.J. Eq. 493 (E. & A. 1931), plaintiff sued  as does plaintiff here  in equity for cancellation of his contract to purchase real estate and for a lien to be impressed upon the land in the amount of his down-payment and expenses. Justice Bodine, writing a long opinion for a unanimous court, discussed a number of authorities and came to the conclusion, inter alia, that Richeimer, if entitled to judgment for payments made on account of the contract price, would also be entitled to have that judgment recognize a lien on the premises arising out of the contract of purchase and sale. Principles discussed in Richeimer v. Fischbein have been well stated in 3 American Law of Property, § 11.78, pp. 195-196:
"Upon the vendor's breach of contract, the purchaser has an action at law. In addition, it is generally held that the purchaser also has a lien for payments made under a land contract where there has been a failure of performance by the vendor. Such lien, in England and in most American jurisdictions, is bestowed upon the purchaser even in the absence of any special equities in his favor, such as possession or improvements made by him, on the theory that with each payment the purchaser performs pro tanto and is thereby equitably vested with a ratable portion of the estate. If the vendor cannot convey, the purchaser, as equitable owner, pro tanto, may assert his rights in a court of equity to recover any payments made. If the vendor is not the absolute owner, the purchaser's lien attaches only to the extent of the vendor's interest, which may be converted into money by judicial sale  a remedy which is, in effect, the same as the foreclosure of an equitable mortgage. The vendee's lien rests, not on the doctrine of rescission, but on the equitable principle that by contract and payment the purchaser has acquired an interest in the land."
Cole v. Haynes, 216 Miss. 485, 62 So.2d 779, 33 A.L.R.2d 1378 (Sup. Ct. 1953), is a case in point on the question of venue. There, on facts very like those alleged in the complaint before me, it was held that a suit for enforcement of a vendee's lien for the amount of a down-payment on the purchase price of a farm might be brought in the chancery court of the county where the farm was located, although the parties resided elsewhere. The annotation to that case, 33 A.L.R.2d 1390-1392, contains comment about Richeimer v. Fischbein, *445 supra, and other New Jersey decisions, including Reilly v. Griffith, 141 N.J. Eq. 154 (Ch. 1947), affirmed on opinion below 142 N.J. Eq. 724 (E. & A. 1948). The Reilly case deserves special mention because of the detailed consideration given in the opinion to a vendee's right to equitable relief relating to recovery of money paid on account of a land purchase (141 N.J. Eq., at pp. 162-168).
There is also authority indicating that the provision of R.R. 4:3-2 on which the defendants rely is not one to be casually waived by a trial judge. In Countrywood Estates, Inc. v. Donnelly, 42 N.J. Super. 456 (App. Div. 1956), the lower court's denial of a motion to change venue to the county of the land affected was reversed.
An order will be signed changing the venue in this case to Somerset County. Costs are allowed to defendants on this motion.