NEW JERSEY IMPERIAL ROAD COMPANY v. BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF GLOUCESTER.

Submitted July 8, 1910—Decided November 3, 1910.

Under the statutes subjecting the several boards of chosen freeholders in this state to actions at law, a transitory action does not become local because the defendant is a county, and it is not controlling on an application to change the venue that the defendant is one of the counties of this state.

On application to change venue.

Before Justices Parker and Bergen.

For the plaintiff, *Carrow & Kraft.*

For the defendant, *John Boyd Avis* and *David O. Watkins.*

The opinion of the court was delivered by

Bergen, J.  The plaintiff, a New Jersey corporation, having its principal office in Hudson county, brought suit against the county of Gloucester for moneys due it for road construction, and laid the venue in Hudson county. A rule to show cause why the venue should not be changed was allowed, which it is now moved be made absolute upon facts stipulated. There is nothing in the record showing a greater inconvenience to one party than to the other, the stipulation being that it will be necessary for both parties to summon a large number of witnesses, nor is there any claim that an impartial trial cannot be had in the county where the venue is laid, and the only serious question raised by the applicant is that an action against a municipal corporation is local and the venue must be laid in the county sued. There is nothing in our statute which recognizes this distinction. The board of chosen freeholders of any county may, by the statute, sue or be sued, but are given no rights other than those of an ordinary litigant,

and the fact that the defendant is a municipality does not make a cause of action otherwise transitory a local one, for the right to sue and be sued conferred by the statute is not qualified by any provision or regulation requiring the venue to be laid in the defendant county. I have examined the cases cited on defendant's brief, and nearly all that hold an action against a municipality to be a local one are founded upon some statute. In this state counties are created corporations with power to sue, and subject to the liability of being sued, without restriction or limitation, and if it had been intended that a county could not be brought to trial except within its own boundaries, it would have been a very simple matter for the legislature to have declared that purpose.

It is also urged that the county books will have to be taken to Hudson county, but this I do not think is a sufficient reason for changing the venue. They are not in such constant use as the books of a bank, so as to make it inconvenient to produce them, besides the stipulation does not say they are necessary. The facts embraced in the stipulation do not seem sufficient to warrant the changing of the venue from a county in which it is properly laid.

The rule will be discharged.