KATHERINE LEE HESSELBROCK, PLAINTIFF, v. COUNTY OF BURLINGTON, DEFENDANT.

Submitted May 19, 1933—Decided August 10, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the defendant-petitioner, *Harold B. Wells.*

For the plaintiff-respondent, *John A. Bernhard* and *Fred. W. Mittchell.*

The opinion of the court was delivered by

PERSKIE, J.   This case comes up on the return of a rule to show cause on the part of the defendant, county of Burlington, for a change of venue from Essex county, where the suit is laid, to Burlington county, where the accident occurred, "or to some other county."

The action is based upon the alleged liability of the county of Burlington for injuries sustained by the plaintiff on August 20th, 1927, when it is claimed the automobile in which she was riding, as an invitee, overturned when the driver thereof,

in attempting to avoid hitting a tree (which plaintiff claims was standing in a county highway) turned the car, causing it to glance off the said tree and strike a stone curbing on the edge of the highway. The plaintiff was seventeen years of age at the time of the accident. This suit was instituted five years after the accident and about one month before the expiration of the two years after she became of age.

It is asserted for the defendant that the defense to be interposed by the county will require proof of location, history, construction and maintenance of the county and township road and the history and maintenance of the said tree. The defense will require about fifteen witnesses, members and officers of the county and township body. Three large, heavy deed books must be used whose leaves are not detachable. Three very old, large maps, three by six feet, made of cardboard, which cannot be folded. These records are used by the public at large and form a part of the valuable records of Burlington county. That transportation facilities are poor and the cost will be rather heavy to transport and care for the necessary witnesses.

It is also urged that this is a type of case where the jury should have the opportunity to inspect the premises (3 *Comp. Stat., p.* 2976, §§ 31, 35), and therefore the change should be made.

It is contended for the plaintiff that she is willing to consent to the admission of the necessary maps and to have the necessary deeds admitted upon certification. That she likewise has several witnesses and experts necessary for her case; that she is seriously injured, one leg being three-quarter inches shorter than the other; that she is practically impecunious, and it would likewise cast an undue burden on her to be obliged to come to Burlington county to try this case.

It is not easy to conclude which side has the greater equity on the score of inconvenience for, as held in *Demarest* v. *Hurd,* 46 *N. J. L.* 471, the court will never change the venue for this cause upon any nice balancing of circumstances of mere accomodation of the parties-inconvenience against inconvenience. Yet on an application by a defendant municipal corporation

our court has held that the cost and inconvenience to the public must be considered (*Keeley* v. *Belmar,* 97 *Id.* 98), *i. e.,* if the application for a change of venue is made in due season. *Mansfield* v. *Cape May County,* 3 *N. J. Mis. R.* 402; 128 *Atl. Rep.* 578.

It is also urged (and petitioner claims for the first time) that actions against a municipality are inherently local and must be brought in the county where located.

Our court in the case of *Ackerson* v. *Erie Railway Co.,* 31 *Id.* 309, 311, restated the well-settled rules of distinction between local and transitory actions. "Local actions are such as require the venue to be laid in the county in which the cause of action arose. These embrace all actions in which the subject or thing sought to be recovered is in its nature local; such as real actions of waste, when brought to recover the place wasted, as well as the damages; and actions of ejectment." "They are local because brought to recover the *seizin* of possession of lands, which are local subjects. *Comyn's Dig. Action No.* 1; *Bacon's Abr. Actions Local, A.a; Bouv. Dict., tit. "Action."* "Some other actions which do not seek the direct recovery of lands or tenements are also local, because they arise out of a local subject, or the violation of some local right or interest. Of this class are waste for damages only; trespass *quare clausum fregit,* trespass on the case for injuries to things real, as nuisance to houses or lands; disturbance of right of way, obstruction or diversion of ancient water courses." "The action of replevin is local, although it is for damages only, and does not rise out of any local subject, because of the necessity of giving local description to the thing taken." "Transitory actions are such personal actions as seek only the recovery of money or personal chattels, whether they sound in tort or contract. They are universally founded on the supposed violations of rights, which, in contemplation of law, have no locality. 1 *Chit. Pl.* 273; 1 *Saund.* 241, *b. note* 6."

This is a transitory action. While some jurisdictions have adopted the principle that actions against a municipality are inherently local our state has not adopted that view. *Pamph. L.* 1903, *p.* 590, § 202; *Keeley* v. *Belmar, supra.*

Experience leads the court to the compelled conclusion that most applications for a change of venue, as well as their resistance, with few exceptions, are mostly moves of strategy in a cause on the part of the respective parties, because of their belief that they may be able to obtain better results if the cause is based in one circuit in preference to that of another, rather than necessary movements in the interest of a just and speedy disposition of the cause.

Our consideration of all the facts and special circumstances of this application leads us to the following conclusions: That there is sufficient merit in the application to move the court in the exercise of its sound discretion to grant the alternative relief sought; that by changing the venue "to some other county," in the instant case to Mercer county, the trial of this cause would be greatly facilitated. The trial seat of Mercer county, Trenton, is but a comparatively short distance from the scene of the accident, and a very short distance from Mount Holly, where the necessary records are kept and where most of the petitioner's witnesses reside. The costs and inconvenience to the public, which should be considered, will be greatly lessened. This shall also remove the objection of poor transportation facilities. Accordingly the order of the court is that the venue be changed from Essex county to Mercer county, but without costs. Let such an order be entered.