GREENSPAN BROS. CO., A CORPORATION, PLAINTIFF, v.
ROBERT COLLINS AND DOROTHY L. BROWN, DE-
FENDANTS.

ADELINE DeFELICE, PLAINTIFF, v. ROBERT COLLINS AND
DOROTHY L. BROWN, DEFENDANTS.

Submitted January 17, 1939—Decided March 10, 1939.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the plaintiffs, *David T. Wilentz.*

For the defendants, *George L. Burton.*

PER CURIAM.

The venue of this suit was laid by the plaintiffs in Middle-
sex county, and the application is for a change to Monmouth
county.

The suit arises out of an automobile collision. The auto-
mobile was owned by the plaintiff corporation, whose principal
office is in Perth Amboy, in the county of Middlesex, and the
suit of that corporation is for damages to the automobile.
The other plaintiff, Miss DeFelice, is a resident of Cliffwood,
in the county of Monmouth. The two plaintiffs have joined
in the one action under the provisions of the Practice act
of 1912; the first count is that of Greenspan Bros. Co., and
the second count that of Adeline DeFelice. This count recites
that she resides in Cliffwood, in the county of Middlesex, but
Cliffwood is in the county of Monmouth. The collision

occurred, according to the pleadings and the stipulation of counsel, at Eatontown, in the county of Monmouth.

The statute in regard to venue (*R. S.* 2:27-19) provides that "a transitory action shall, at the discretion of the court, be tried in the county in which the cause of action arose, or in which the plaintiff or defendant resided at the time of the commencement of the action, or, if defendant is a non-resident, in the county in which process was served upon him," and it is properly pointed out by the counsel for defendants that as to the cause of action of Miss DeFelice, that cause of action arose in Monmouth county, the plaintiff resided in Monmouth county, and both defendants, it is stipulated, are residents of Monmouth county. Consequently, there seems to be no legal justification for the laying of that cause in Middlesex or any other county but Monmouth.

The case of the corporation is on a slightly different footing. As in the other case, the cause of action arose in Monmouth and the defendants are residents of Monmouth, but the corporation may properly be regarded as a "resident" of Middlesex. As regards this particular cause of action, if it stood alone, the court might be justified, in its discretion, in allowing the venue to stand as laid; but the action does not stand alone; it is combined with another cause of action arising at the same time and at the same place, against the same defendants, and embraced in the same record. In all reasonable probability both cases will be tried together; and on this assumption, and in view of the fact that the DeFelice case must be tried in Monmouth, the natural and reasonable course is to have the Greenspan Bros. Co. case tried in Monmouth. No depositions have been taken under the rule, but there is a stipulation of facts. That stipulation does not make any statements of fact in regard to the residence of such witnesses as will be necessary at the trial; but as the accident occurred at Eatontown, which is on the road to Long Branch, the probability is that most of the witnesses are residents of Monmouth county.

It is argued for the plaintiff that the change of venue will result in delay, but we fail to see that there will be any

material delay. The case seems to be now at issue, and notice of trial may be given for the opening of Monmouth Circuit on the third Tuesday of April. If the venue remained in Middlesex, the trial would be noticed for the first Tuesday in April, a difference of only two weeks.

We conclude, therefore, that as a matter of law, the DeFelice case must be transferred to Monmouth, and that as a matter of exercise of judicial discretion, the Greenspan case, resting on the same facts and to be proved by substantially the same witnesses, should follow it.

Let a rule be entered changing the venue as to both plaintiffs from Middlesex to Monmouth.