COUNTRYWOOD ESTATES, INC., A NEW JERSEY COR-PORATION, PLAINTIFF-RESPONDENT, v. JAMES J. DONNELLY AND MARY DONNELLY, HIS WIFE, DE-FENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1956—Decided November 21, 1956.

Before Judges GOLDMANN, FREUND and CONFORD.

*Mr. Robert P. Hanley* argued the cause for the defendants-appellants (*Mr. Edward F. Broderick,* attorney).

*Mr. Frank G. Schlosser* argued the cause for the plaintiff-respondent (*Messrs. Mackerley & Friedman,* attorneys).

The opinion of the court was delivered by

FREUND, J. A. D.   The sole question for determination is venue—whether it was properly laid in Sussex County or should have been laid in Morris County where the real property described in the complaint is located.

The plaintiff entered into a contract dated August 11, 1954 to sell to the defendants a dwelling house described as Lot No. 6, in Block 1–A, on Map of Countrywood Estates, Inc., Hanover Township, Morris County, New Jersey.   On

October 23, 1954, the house having been completed and the defendants desiring to take possession prior to the closing of title and of a mortgage loan, the proceeds of which were to be used to pay part of the purchase price, the parties entered into a supplemental written agreement. Upon the execution of the agreement, the defendants went into and have ever since continued in possession, and paid to the plaintiff $1,355 on account of the purchase price. Additionally, they paid the agreed occupancy value of $105 each month, although the relationship was not to be deemed that of landlord and tenant. The agreement obviously was a temporary arrangement for the defendants to take possession pending closing of title and of the mortgage loan. The defendants made monthly payments until August 1, 1955, when allegedly a breach of agreement occurred, and they have since refused to vacate the premises.

The complaint is in four counts, the first three of which seek a money judgment, and the fourth, possession of the premises and "damages for *mesne* profits."

The defendants moved to change the venue from Sussex County to Morris County for the reason that the complaint affects the possession of real property located in Morris County, relying upon the authority of *R. R.* 4:3–2. The trial court denied the motion on the ground, according to the appellants, that the action for possession was ancillary to the other three counts.

Leave to appeal having been granted, the defendants now argue that the trial court erred in refusing to change the venue from Sussex County to Morris County for the reasons that: (a) the instant action is for possession of real property in Morris County, (b) the cause of action arose in Morris County, (c) the plaintiff is actually doing business in Morris County, and (d) both plaintiff and defendants reside in Morris County.

We are here concerned only with the fourth count of the complaint, the first three not affecting title to or possession of the real property in question. *R. R.* 4:3–2 concerns the venue of an action and provides as follows:

"In actions affecting the title to real property or an interest therein, possessory or otherwise, or for damages thereto, * * * the venue *shall* be laid by the plaintiff in the county in which any property affected is situate. * * *" (Italics added).

The trial court held that the fourth count was merely ancillary to the other counts or major claims in the complaint, but we do not find any basis for such a consideration in the rule, which uses the word "shall." There is no equivocation; the language is clear and mandatory. The respondent argues that the rule grants to a plaintiff an option as to where the venue may be laid. By its language the fourth count is for possession of real property and *mesne* profits; hence there is no option, for the action unquestionably affects a possessory interest in real property, and thus the venue must be laid in the county where the land has its *situs*. *Trzeciakiewicz v. Zukoski,* 6 *N. J. Super.* 577 (*Ch. Div.* 1949) ; see 2 *Schnitzer & Wildstein, N. J. Rules Serv. A* IV–27 *ff.* and *Supp. p.* 14 *ff.* for analysis and scope of *Rule* 4:3–2, *"Venue";* see also Schnitzer, *"Civil Practice and Procedure,"* 5 *Rutg. L. Rev.* 295, 304 (1950) ; *Chase's Blackstone* (*4th ed.* 1919), *p.* 769.

The plaintiff argues that the result here determined will induce a general multiplicity of suits, since in cases of multiple causes the cause of action affecting realty will be brought in the county where the realty is located and the other causes of action elsewhere. The answer to this is (1) the rule is clear and unambiguous and must be followed; (2) fractionalizing can and should be avoided by the simple procedure of consolidation by the court of all the causes in a single action. See *R. R.* 4:43–1.

The plaintiff also argues that an appeal from an interlocutory order denying change of venue should not have been granted, because the grounds of appeal are not substantial. *R. R.* 2:2–3(*a*). In *Defiance Fruit Co. v. Fox,* 76 *N. J. L.* 482, 485 (*E. & A.* 1908), it was held that:

"The right of the plaintiff to have an action of this character tried in the county where the lands are situate, or the cause of action

arose, is a substantial right, of which he may not lawfully be deprived by the court."

The argument that review of the denial of the motion for change of venue can be had on appeal only after final judgment is not persuasive. It is not only more equitable but more expedient that the question of venue be determined before trial, particularly where, as here, the argument of the appeal was, at the direction of this court, brought on within three weeks after leave to appeal was given, thereby reducing delay to a minimum.

The order under review is reversed.