71 N.J. Super. 573 (1962)
177 A.2d 595
EDNA G. ENGEL, AS ADMINISTRATRIX AD PROSEQUENDUM AND AS GENERAL ADMINISTRATRIX OF THE ESTATE OF HERBERT D. ENGEL, JR., DECEASED, PLAINTIFF,
v.
RALPH W. GOSPER AND WILLIAM GOSPER, A MINOR, LUTHER LE CONEY, JR., A MINOR, CECILIA WEINSTEIN, THE BOARD OF EDUCATION OF THE TOWNSHIP OF PENNSAUKEN, NEW JERSEY, MORRIS HULSIZER AND THE BOARD OF EDUCATION OF THE TOWN OF MERCHANTVILLE, NEW JERSEY, DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided January 18, 1962.
*576 Mr. John T. Lynch for plaintiff (Messrs. Davidson, Buttermore and Lynch, attorneys).
Mr. John A. Craner for defendants Cecilia Weinstein and Board of Education of the Township of Pennsauken (Messrs. Forman and Forman, attorneys).
Mr. Robert P. McDonough for defendants Morris Hulsizer and Board of Education of the Town of Merchantville (Messrs. Lindabury, McCormick and Estabrook, attorneys).
FULOP, J.C.C.
This is an action for personal injuries to a decedent and for his death by wrongful act of the defendants. Plaintiff sues as general administratrix and as administratrix ad prosequendum of the estate of her son, who was allegedly injured on October 10, 1959 at Beach Haven in Ocean County, New Jersey, as the result of the explosion of a home-made rocket projectile built and ignited by high school boys. Plaintiff's decedent died on April 4, 1960, at Overlook Hospital in Summit in Union County, New Jersey, allegedly as a result of the explosion.
The original defendants were two boys who made and ignited the projectile. Plaintiff has amended her complaint to add two science teachers of the minor defendants and two boards of education who employed these teachers. The allegation is that the teachers improperly instructed the boys with respect to the rockets, encouraged them to experiment with them, failed to warn of the danger involved, and in other respects negligently contributed to bring about the tragic result.
The boards of education are charged with the acts of the teachers under the doctrine of respondeat superior and for hiring allegedly unsuitable instructors. Both of the boards are situated in Camden County.
The original defendants have brought in a third-party defendant seeking contribution from him as a joint tortfeasor.
The defendants Cecilia Weinstein and Board of Education *577 of Pennsauken move to dismiss the complaint for failing to set forth a cause of action, and for failing to allege that the action was instituted within two years after the date of death, as required by the Death Act, N.J.S. 2A:31-3. The same defendants move in the alternative to change the venue of the action to Ocean County. Defendants Hulsizer and the Board of Education of the Town of Merchantville join in the motion for change of venue.
The motion to dismiss for failure to state a cause of action is denied. The claims against the defendants Weinstein and the Board of Education of Pennsauken seem tenuous. However, defendants have not filed any affidavits. Although it is argued that Mrs. Weinstein terminated her instruction of defendants two years before the accident, that fact does not appear of record. None of the facts alleged in the amended complaint are denied. The allegations of the amended complaint, construed most favorably to the plaintiff, are sufficient.
The failure to allege that the action was instituted within the period permitted by the statute may be corrected by amendment. The statutory period has not yet expired.
The troublesome question in the case is venue.
Defendants argue that an action against a municipal body is a local action. They cite out-of-state authority for the proposition that municipal officials should not be required to go beyond their home county to defend a suit. Oddly enough, this would not support a transfer to Ocean County for which the defendants contend. It would require a transfer to Camden County, which is not sought.
However, the law of this State is that a transitory action does not become local because the defendant is a municipal corporation or like public body, in the absence of a statute or rule so providing. N.J. Imperial Road Co. v. County of Gloucester, 80 N.J.L. 640 (Sup. Ct. 1910), review declined, 82 N.J.L. 535 (E. & A. 1911); Hesselbrock v. Burlington County, 111 N.J.L. 177 (Sup. Ct. 1933).
*578 The venue of an action is now governed by the rules of court. R.R. 4:3-2 reads as follows:
"In actions affecting the title to real property or an interest therein, possessory or otherwise, or for damages thereto, appeals from assessments for improvements and actions of attachment of real or personal property, the venue shall be laid by the plaintiff in the county in which any property affected is situate. In actions not affecting property as aforesaid, brought by or against municipal corporations, counties or public agencies or officials, the venue shall be laid by the plaintiff in the county in which the cause of action arose. In all other actions except as provided in Rule 4:116 as to certain probate and other actions, and Rule 4:68-2 as to receivership actions, the venue shall be laid in the county in which the cause of action arose or in which any party to the action was resident at the time of the commencement of the action, or if any defendant was then resident outside the State, then in the county in which the summons was served upon him. For the purposes of this rule, a domestic or foreign corporation shall be deemed to be resident in any county in which it is actually doing business, or if it is not actually doing business in the State, but has a registered office in the State, then the county in which that office is located."
The rule fixes the venue in real property actions at the place where the real property is situated. In transitory actions against private individuals and corporations, the plaintiff may choose the county in which the cause of action arose or the county in which any party to the action was resident at the time of the commencement of the action. However, in transitory actions against public bodies, the venue must be laid in the county in which the cause of action arose.
In the present case some of the defendants are private individuals, some are public bodies. With respect to the individual defendants, plaintiff was free to lay the venue in Union County where she resides and where decedent died, or in Ocean County where the accident occurred, or in Camden County where most of the defendants reside. With respect to the claims against the boards of education, plaintiff was required to lay the venue in the county in which the cause of action arose.
It is conceded by all counsel and seems well established that a cause of action for damages for personal injuries *579 caused by negligent acts arises where the injuries are inflicted. Greenspan Bros. Co. v. Collins, 122 N.J.L. 234 (Sup. Ct. 1939).
Plaintiff contends that since the death of decedent occurred in Union County, the cause of action for wrongful death arose there. The death claim constitutes a separate cause of action. Kotkin v. Caprio, 65 N.J. Super. 453 (App. Div. 1961); Turon v. J. & L. Construction Co., 8 N.J. 543 (1952); Soden v. Trenton, etc., Trenton Corp., 101 N.J.L. 393 (E. & A. 1925). The action is for "pecuniary injuries resulting from such death." N.J.S. 2A:31-5; Soden v. Trenton, supra.
"A cause of action is said to accrue to any person when that person first comes to a right to bring an action." Bouvier's Law Dictionary (3d ed. 1914).
"No entirely satisfactory definition of a cause of action has as yet been enunciated but a generally accepted definition is that a cause of action is `that fact or facts which establish or give rise to a right of action, the existence of which affords a party a right to judicial relief.' 1 Am. Jur., Actions, p. 404." Levey v. Newark Beth Israel Hospital, 17 N.J. Super. 290 (Cty. Ct. 1952).
A cause of action for wrongful death arises when death occurs. See N.J.S. 2A:31-3; 25 C.J.S., Death § 54. It seems reasonable to conclude that it arises where death occurs.
It is possible that the rule intended to fix the venue at the place at which the allegedly wrongful acts took place rather than at the place where the last incident took place which perfected the cause of action. In the common situation the acts of negligence and the injuries occur in the same place. It may be argued that venue should not be altered because the injured person is moved after the accident and death occurs over the county line. Some authorities hold that the cause of action is not the death itself but the tort which produces the death. 25 C.J.S., Death, § 15, p. 1077.
*580 "The question of the proper place of trial is essentially administrative in character * * *. The court should be free to decide according to the circumstances of the case with a view to giving each party a reasonably fair opportunity to present his proof. Intricate metaphysical reasoning as to the nature of actions and dogma as to jurisdiction should not be allowed to obscure this simple practical issue. * * *" Foster, "Place of Trial  Interstate Application of Intrastate Methods of Adjustment," 44 Harv. L. Rev. 41 (1930).
On the other hand, it must be noted that the rule was drawn and adopted by technical experts familiar with the 600-year-old background of venue disputes and the technical meaning of the words used. I am therefore inclined to the view that the venue of an action for wrongful death is required to be laid in the county where the death occurs.
The rule is mandatory. Countrywood Estates v. Donnelly, 42 N.J. Super. 456 (App. Div. 1956). But under the same rule, the venue of the personal injury claim is required to be laid in Ocean County while the venue of the wrongful death claim appears to be required to be laid in Union County. The claims are properly joined in one action. It would be contrary to the policy of our practice to have separate trials of the closely related issues involved. None of the parties desires a severance. It therefore becomes necessary to determine the extent of the court's power to order a change of venue.
Formerly venue was governed by statutory provisions. The present rule accords in most respects with the former statutory provisions and their judicial construction. Under the statutory provisions it was held that the court had discretionary power to order a change of venue in a transitory action from one of the counties in which plaintiff might lay the venue to another of such counties. But the venue could not be changed to any county other than one of the designated counties unless, due to extraordinary conditions, a fair and impartial trial could not be had in any of the designated counties. Broderick v. Abrams, 116 N.J.L. 40 (Sup. Ct. 1935).
*581 The power of the court to order a change of venue appears to be the same under the provisions of R.R. 4:3-2 and 4:3-3 as it was under the statutory provisions. However, see R.R. 1:27A. When the place of trial is mandatory as to one of several joined causes of action, all of them must be removed to the county so prescribed. Countrywood Estates v. Donnelly, supra. Where, as in this case, two counties seem prescribed, the court must have discretionary power to determine which of them should be chosen when a dispute arises.
No evidence has been presented as to where the witnesses reside. It may be assumed that medical witnesses for the plaintiff will be from Union County where decedent was hospitalized and died. Witnesses to the accident may be from Ocean County or may be summer residents who reside elsewhere. Witnesses as to the alleged negligent instruction of the individual defendants by their Camden County teachers are very likely to be residents of that county.
The fact that two defendants are boards of education is entitled to consideration. In Hesselbrock v. Burlington County, supra, the court said:
"Yet on an application by a defendant municipal corporation our court has held that the cost and inconvenience to the public must be considered."
The court there removed the case from Essex County to Mercer County for the convenience of the defendant Burlington County. The defendant boards of education suggest that Ocean County is more convenient to Camden County and to Union County than either of the latter counties is to the other. They urge the application of the procedure adopted in Hesselbrock. The argument is persuasive.
I conclude that the venue should be ordered transferred to Ocean County for the following reasons:
1. Defendant boards of education have a right to have the personal injury action tried in Ocean County;
*582 2. The death case also has significant contacts with Ocean County;
3. The convenience of the boards of education is entitled to greater consideration than that of private litigants;
4. So far as appears without proof, witnesses from Camden County and Ocean County will be at least as numerous as witnesses from Union County;
5. Finally, the claims against one or both of the boards of education appear unlikely to succeed and it would be particularly inequitable to require them to appear in a remote county to defend claims so tenuous.
An order may be submitted in conformity with this opinion.