136 N.J. Super. 324 (1975)
346 A.2d 100
RICHARD DIODATO AND KAREN DIODATO, HIS WIFE, AND KAREN DIODATO, AS GUARDIAN AD LITEM OF MARK DIODATO AND MICHAEL DIODATO, PLAINTIFFS-RESPONDENTS,
v.
CAMDEN COUNTY PARK COMMISSION AND THE COUNTY OF CAMDEN, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 17, 1975.
Decided September 24, 1975.
*326 Before Judges KOLOVSKY, BISCHOFF and BOTTER.
Mr. F. Herbert Owens argued the cause for appellants (Messrs. Kisselman, Deighan, Montano & Summers, attorneys; Mr. Arthur Montano, of counsel and on the brief).
Mr. William D. McGovern argued the cause for respondents (Messrs. Tanner & McGovern, attorneys).
The opinion of the court was delivered by BISCHOFF, J.A.D.
Defendants appeal, pursuant to leave granted, from a denial of their motion for a change of venue.
Plaintiffs are residents of Edison and Middlesex County, New Jersey. Together with coemployees, plaintiff Richard Diodato attended a company picnic in the Cooper River Park. The park is part of the Camden County Park System. While there Richard dived into the Cooper River, struck a submerged object and sustained serious injuries so that he is now a quadriplegic.
Richard Diodato was employed in Bergen County and the coemployees who attended the picnic and who are potential witnesses for him reside in Bergen County.
Plaintiffs instituted this action against defendants Camden County Park Commission and the County of Camden, laying venue in Middlesex County. Defendants timely moved for a change of venue to Camden County, which motion was denied. This appeal followed.
R. 4:3-2(a) (2) provides in pertinent part:
Venue shall be laid by the plaintiff in Superior Court actions as follows:

* * *
(2) actions not affecting real property which are brought by or against municipal corporations, counties, public agencies or officials, in the county in which the cause of action arose; * * *.
Defendants contend that the provisions of this rule are mandatory and that it was an abuse of discretion for the Assignment judge in Middlesex County to deny the motion *327 for a change of venue made pursuant to R. 4:3-3. They rely upon Countrywood Estates v. Donnelly, 42 N.J. Super. 456 (App. Div. 1956); Engel v. Gosper, 71 N.J. Super. 573 (Law Div. 1962).
Plaintiffs, on the other hand, while admitting the venue was laid in violation of the express provisions of R. 4:3-2(a) (2), contend justification for doing so appears from a consideration of (a) the nature of the injuries sustained by plaintiff Richard Diodato which make it inconvenient for him to travel to Camden for trial; (b) potential witnesses and employment records are located in Bergen County, and (c) a treating physician is now associated with the Kim Institute in East Orange.
Plaintiffs also express the opinion, totally unsupported, that they may not get a fair trial in Camden County since the action seeks recovery of damages from governmental agencies of that county.
R. 4:3-2(a) does speak in mandatory terms. Whenever the word "shall" appears in a statute, it creates a presumption that what is thus commanded must be done. However, this presumption is by no means conclusive and may be overcome. Union Terminal Cold Storage Co. v. Spence, 17 N.J. 162, 166 (1954); Swiney v. Dept. of Treasury, Div. of Pensions, 84 N.J. Super. 186, 192 (App. Div. 1964). A determination of whether a particular statute is imperative or directory may be reached only after a consideration of the entire statute and of the objects sought to be accomplished by it. Cf. Paramus v. Ridgefield Park Estates, 42 N.J. Super. 369, 375 (App. Div. 1956). The same general principles obviously apply to the construction of a rule of court containing the word "shall." Cf. Douglas v. Harris, 35 N.J. 270, 278 (1961).
The purpose of the Rules of Court is to secure a just determination of the issues presented for resolution. To that end relaxation of rules to prevent an injustice is permitted. R. 1:1-2. Rossbach v. Evening News Pub. Co., 3 N.J. Super. 143 (App. Div. 1949). Moreover, R. 4:3-3 *328 suggests a departure from the mandatory venue provisions of R. 4:3-2(a) is permitted where "there is a substantial doubt that a fair and impartial trial can[not] be had in the county" where venue should be laid, or for the convenience of the parties and witnesses in the interest of justice. Thus, while the venue provisions may be subject to change upon a showing of proper circumstances they do express strong policy considerations not to be lightly disregarded.
Plaintiffs here refer to the inconvenience resulting to their Bergen County witnesses should they be compelled to travel to Camden. The same argument can be made with respect to witnesses from Camden County who would be required to attend trial in Middlesex County to respond to charges of negligent maintenance and supervision of the park.
We are not unmindful of the inconvenience to be experienced by plaintiffs in preparing for their court appearance but that situation exists whether the appearance be in court in Middlesex County or Camden County. Plaintiffs' charge that they would be unable to obtain a fair trial in Camden County, being unsupported as it is, is not worthy of consideration.
The record before us does not disclose sufficient reason to justify a departure from the venue requirements expressed in R. 4:3-2(a). We conclude that the denial of the motion for change of venue constituted a mistaken exercise of discretion.
Reversed and remanded for the entry of an order changing venue from Middlesex County to Camden County.