191 N.J. Super. 120 (1983)
465 A.2d 583
MARIE DOYLEY AND PAUL DOYLEY, PLAINTIFFS,
v.
GLORIA C. SCHROETER, ROBERT F. SCHROETER, AUGUST E. SCHNEIDER AND SUBURBAN TRANSIT CORP., DEFENDANTS, AND GLORIA C. SCHROETER AND ROBERT F. SCHROETER, THIRD PARTY PLAINTIFFS,
v.
STATE OF NEW JERSEY, DEPARTMENT OF TRANSPORTATION, THIRD PARTY DEFENDANT.
Superior Court of New Jersey, Law Division Mercer County.
Decided May 25, 1983.
*122 Lionel A. Kaplan for plaintiffs (Joseph D. Kaplan & Son, attorneys).
John E. Riehl for defendants-third party plaintiffs, Gloria C. Schroeter and Robert F. Schroeter (Britt and Riehl, attorneys).
David M. Hawkins, Deputy Attorney General for third party defendant, State of New Jersey (Irwin I. Kimmelman, Attorney General of New Jersey, attorney).
LENOX, A.J.S.C.
Plaintiffs laid venue in the county of their residence in accordance with R. 4:3-2(a)(3). The State of New Jersey, Department of Transportation was joined as third party defendant and filed this motion to change venue. The State contends that since the accident giving rise to this litigation occurred in Middlesex County, venue must be in that county under R. 4:3-2(a)(2) which places venue in actions against a governmental body, agency or official in the county in which the cause of action arose. Although public bodies joined in litigation by amended or third party pleadings routinely present similar motions, *123 the issue raised has not been decided in any reported decision in this State.
The applicable language of the rule reads:
Venue shall be laid by the plaintiff in Superior Court actions as follows: ... (2) actions not affecting real property which are brought by or against municipal corporations, counties, public agencies or officials, in the county in which the cause of action arose ...
While the rule refers to "municipal corporations, counties and public agencies or officials" and contains no reference to the State, it is clear that it applies "to entities having a statewide presence as opposed to a local presence, e.g., municipalities, counties and local agencies," Nugent v. Sagner, 151 N.J. Super. 189, 199 (App.Div. 1977), and applies to the State, its agencies and officers.
The cases upon which the State relies, such as Engel v. Gosper, 71 N.J. Super. 573 (Law Div. 1962), are inapposite to the issue. They are authority only for the principle enunciated in the rule, that when a public entity or official is named as a defendant in the complaint venue must be laid by plaintiff in the county in which the cause of action arose. The rule is clear in this respect and is mandatory. Countrywood Estates v. Donnelly, 42 N.J. Super. 456 (App.Div. 1956). The question here confronted is whether the rule continues to be applicable in its requirement after venue has been laid properly in a county other than that where the cause of action arose, and thus mandates a change of venue when a public body, agency or official later becomes a party to the litigation.
Venue is not a jurisdictional question but a procedural one. The Superior Court has "original general jurisdiction throughout the State in all causes," N.J. Const. (1947), Art. VI, § III, par. 2; State v. Barr, 110 N.J. Super. 365, 369 (App.Div. 1970), and but for the dictate R. 4:3-2 venue in every case could be laid in any county. Our rules of venue had their genesis in the English common law where jurors were presumed to have knowledge of both the parties and the facts of the case. In theory they were witnesses summoned to decide the controversy and so a plaintiff *124 was limited in his venue to the locality where the jurors resided and the activities occurred which gave rise to the suit. 77 Am.Jur.2d, Venue § 2 at 833; Note, 16 Rut.L.Rev. 784 (1962). Under our former practice venue was governed by statutory provisions. Upon the establishment of this court of statewide jurisdiction, the Supreme Court under its broad rule-making power restricted the exercise of that jurisdiction by establishing criteria for determination of the county of venue. R. 4:3-2. The mandatory nature of the rule was, however, tempered by the enactment of another rule authorizing a change of venue under specified findings and within the sound discretion of the court. R. 4:3-3; Cf. State v. Collins, 2 N.J. 406, 411 (1949); see also 92 C.J.S., Venue, § 135 at 838.
The requirement of R. 4:3-2(a)(2) has a sound basis in logic. Often the cause of action in a case involving a public body or official arises in the county where the governmental unit is located. Ordinarily the witnesses, documents, public officials and counsel are there. The rule expresses "strong policy considerations not to be lightly disregarded." Diodato v. Camden Cty. Park Comm'n., 136 N.J. Super. 324 (App.Div. 1975).
More recent decisions have indicated that the convenience of public bodies and officials is to be heavily weighed when questions regarding venue are at issue. Engel v. Gosper, 71 N.J. Super. 573, 581-582 (Law Div. 1962). See Nugent v. Sagner, 151 N.J. Super. 189 (App.Div. 1977). The public interest would not be well served if the duties of public officials were disrupted or left unattended while they were forced to defend actions brought against them in distant counties which have little or no connection with the conduct that forms the basis of the suit. [Sinderbrand v. Schuster, 170 N.J. Super. 506, 511 (Law Div. 1979)]
The policy considerations underlying the rule do not change the language. The rule is specific and unambiguous in providing that it is the plaintiff who makes the determination as to where venue shall be when alternatives exist. The rule states that "[v]enue shall be laid by the plaintiff." It does not provide that in all actions involving a public body or official the case must be tried in the county in which the cause of action arose. It requires only that plaintiff lay venue in that county if, when the complaint is filed, a public body, agency or official is a *125 defendant. This conclusion is supported by a statement in one reported trial court decision. Fiorino v. Fiorino, 35 N.J. Super. 463 (J. & D.R.Ct. 1955). In that case Judge Kole, later of the Appellate Division, discussed the issue in the context of an amended complaint rather than a third party complaint, a difference without significance.
[H]aving acquired venue of the original claim for relief, the court is not deprived of such venue merely because the complaint is amended to incorporate an additional claim over which this court might not have had venue if the latter claim were the subject of a separate complaint. [at 468]
When plaintiffs filed their complaint the State was not a party. Had the State been named as an original defendant the only permissible venue would have been Middlesex County.
In transitory actions against private individuals and corporations, the plaintiff may choose the county in which the cause of action arose or the county in which any party to the action was resident at the time of the commencement of the action. However, in transitory actions against public bodies, the venue must be laid in the county in which the cause of action arose. [Engel v. Gosper, supra at 578]
Once plaintiff establishes venue in accordance with the rule, the provisions of R. 4:3-2 no longer apply. Thereafter all rights are governed by R. 4:3-3(a) which recites the grounds for a change of venue. Section (1) of that rule does not apply where, as here, plaintiff has laid venue properly. Therefore, any right the State may have to obtain a change of venue must be found under other sections of R. 4:3-3(a).
While on a motion to change venue pursuant to R. 4:3-3(a)(2) or (3) the policy foundation of R. 4:3-2(a)(2) is a matter for consideration, the mandate of that rule no longer exists and the discretion of the court is invoked. For there are also policy considerations for the maintenance of the venue in the county where it has been laid properly by plaintiff. Indeed, the rule itself expresses a bias in favor of plaintiff's choice. There should be repose on the question of where a case is to be tried. Once the complaint is filed the administrative details of creating and maintaining a file begin. The county clerk, assignment clerk and data processing offices become involved. Often a single judge becomes familiar with the case through pretrial *126 motions and conferences. A change of venue involves duplication of this effort and sometimes results in confusion and delay in the transfer process. Absent the likelihood of substantial inconvenience or injustice, reason dictates that a change in venue with its inevitable consequences be avoided. This thought was well expressed by the author of the note in 16 Rut.L.Rev., supra, where he opined:
Uncertainty breeds litigation, litigation in turn breeds delay, and delay, particularly in personal injury actions, is likely to be quite harmful to a plaintiff's case. Even a change of venue in the absence of preliminary litigation is bound to result in some delay. Therefore, venue provisions should be construed most favorably for the plaintiff, and as long as the initial selection of a forum is not inconsistent with these rules, only the strongest showing of inconvenience to the defendant should deprive a plaintiff of his legal right to have the action tried in the county of his choice. [at 790]
In the motion filed the State did not seek a venue change on the ground that "there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid ... or ... for the convenience of parties and witnesses in the interest of justice." R. 4:3-3(a)(2), (3). The affidavit in support of the motion addressed only the fact that the cause of action arose in Middlesex County. No competent evidence has been presented to support a change of venue on other cognizable grounds, R. 1:6-6, and any such motion must await another day. However, brief comment on the fair trial and convenience grounds is appropriate.
It is unlikely any aspect of this routine automobile accident case will justify a venue change on the ground of substantial doubt that a fair and impartial trial can be conducted. In only one reported decision has such an order been granted under this rule. Sinderbrand v. Schuster, supra at 511. In that case the court found "[t]he existence of a pervasive bias in favor of plaintiff" emanating from extensive newspaper publicity. Id. at 512-513 The rule language contemplates that a motion based on this ground will be granted only upon a finding of necessity to protect the integrity of the judicial process.
*127 The remaining ground under the rule generates unique considerations in cases involving governmental parties. Insuring a convenient forum for public agencies and officials is a major objective of R. 4:3-2(a)(2). See Sinderbrand v. Schuster, supra. Indeed, it has been held that the convenience of public bodies is entitled to greater consideration than that of private litigants when alternatives exist. Engel v. Gosper, supra. This view is supported in other jurisdictions where
[C]ourts have ... constantly pointed out that it is of the greatest importance to the welfare of municipal bodies and of the citizens whom they serve that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the state to attend to litigation. The magnitude and importance of the functions of municipal government are constantly increasing with the growth of population and of the various and complex agencies employed in municipalities in the public service, and these functions require the constant presence and watchfulness of those charged with their direction and management. To permit these great public duties to be hindered or delayed in their performance, in order that individuals or private corporations might more conveniently collect their private debts, would be to pervert the great object of the creation of municipal corporations. [56 Am.Jur.2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 855 at 837-838 and cases cited therein.]
The validity of the convenience argument has been questioned, however, by those asserting that a public body should not be entitled to special consideration since it frequently goes beyond its own borders in the conduct of its daily affairs. 16 Rut.L.Rev., supra at 788 and cases cited therein. Those holding that view contend that a public body may, in fact, be better equipped to meet the financial burden of a distant trial. Id. at 788, n. 31. Certainly where, as here, the State is the moving party convenience considerations are less compelling. Unlike local governments the State is omnipresent within its borders, conducting its many activities in all counties. It is doubtful that removal of this case from Mercer County to Middlesex County would further the "interest of justice" which is the goal of the rule. When the inconvenience of the parties is equal there is no justification for a change. Nugent v. Sagner, 141 N.J. Super. 591, 598 (Law Div. 1976), rev'd on other grounds, 151 N.J. Super. 189 (App.Div. 1977). Plaintiffs having chosen Mercer County, *128 this venue is presumably more convenient to them. In any event the county courthouses are but 25 miles apart and the inconvenience resulting from venue in one county rather than another can be of minimal consequence. See Diodato v. Camden Cty. Park Comm'n., supra, affirming a denial of a motion for change of venue involving a greater distance and more compelling facts than in the case at bar.
Motion denied.