# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2641-23

S.I.,[1]

      Plaintiff-Respondent,

v.

M.I.,

      Defendant-Appellant.

_____

      Argued March 25, 2025 – Decided April 2, 2025

      Before Judges Perez Friscia and Bergman.

      On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FM-14-0735-17.

      M.I., appellant, argued the cause pro se.

      Boaz I. Cohen (Kramer Levin Naftalis & Frankel, LLP) argued the cause for respondent (Treuhaft & Zakarin, LLP, and Boaz I. Cohen, attorneys; Ira Treuhaft, Boaz

---

[1] We employ initials for the parties and a pseudonym for their daughter, who shares the same initials as defendant, to protect the child's privacy. See R. 1:38-3(d).

I. Cohen, and Jonathan M. Wagner, of the New York
bar, admitted pro hac vice, on the brief).

PER CURIAM

Defendant M.I. appeals from the April 12, 2024 Family Part order transferring venue of all future post-judgment applications by plaintiff S.I. or defendant to Rockland County, New York, pursuant to Rule 4:3-3(a)(4). Having reviewed the record, the parties' contentions, and the applicable law, we affirm in part, reverse in part, and remand.

I.

This matter returns to us after we remanded for the trial court to enter an order enforcing a beit din[2] arbitration award, which required defendant to provide plaintiff a get.[3] S.I. v. M.I., No. A- 2160-22 (App. Div. Mar. 22, 2024) (slip op. at 1-16), certif. denied, 258 N.J. 504 (Oct. 3, 2024).

---

[2] A "beit din," also known as beth din or bais din, "is a rabbinical court composed of a minimum of three rabbis." Abdelhak v. Jewish Press Inc., 411 N.J. Super. 211, 219 n.2 (App. Div. 2009).

[3] A "get" is a written document, "which is a religious divorce granted by a husband to a wife." Abdelhak, 411 N.J. Super. at 218. "Unless granted a [g]et, an observant Orthodox Jewish woman is not free to marry again" under Jewish law. Ibid.

We incorporate the salient facts and procedural history set forth in our prior opinion. S.I. v. M.I., slip op. at 1-16. The parties married in December 1984 and share eight children. Their youngest child M.I. (Mira) was born in March 2004 with significant disabilities. After almost thirty years of marriage, the parties separated, and plaintiff sought to divorce defendant. On the eve of trial on May 21, 2019, the parties settled their marital issues and entered a memorandum of understanding (MOU). Partially for health insurance reasons, the parties agreed to a divorce from bed and board. The MOU incorporated their settlement terms regarding custody, child support, alimony, equitable distribution, and the get.

After our remand, on March 25, 2024, the trial court entered an order enforcing the arbitration award and directing defendant to "deliver a get to [p]laintiff immediately." Approximately two weeks later, the court sua sponte entered an order transferring any further post-judgment proceedings to Rockland County. The court's order referenced that "[t]he parties previously filed related proceedings in Rockland County[] and received a disposition regarding guardianship of their youngest child, M[ira], from the [c]ourt in Rockland County, which could only have been obtained by M[ira] having been a resident." The court indicated it had communicated with "the Supervising Judge for

Matrimonial Matters in Rockland County."  After conferring with the Rockland County Supervising Judge, the court determined it would "divest[] jurisdiction over these parties and their disabled child, M[ira], who ha[d] been a resident of the State of New York for at least six . . . months."

On appeal, the parties have acknowledged the following facts are largely undisputed.  Mira was born with significant disabilities.  Defendant has primary physical custody and "sole guardianship" of Mira.  In 2019, the parties agreed Mira would relocate with defendant to reside in Rockland County because the disability services offered there for Mira's needs were superior.  Defendant secured an apartment and moved with Mira to Rockland County, enrolled her "in a special needs school [in] September 2019," and established her residency. Plaintiff moved to Rockland County in 2020.  The parties also have adult, married children residing in Rockland County.  Defendant conceded his intention to reside in Rockland County with Mira "until she is accepted into a . . . group home" and that Mira would "never return[] to New Jersey."

A-2641-23

On February 17, 2023, at a motion hearing before the court, the parties addressed venue.[4] Plaintiff argued that defendant "sw[ore] to the [c]ourt in the [New York] guardianship proceeding that he live[d] in New York." Defendant acknowledged that the issue of jurisdiction had previously been raised before the court because the parties reside in New York. He argued that while he resides in Rockland County, a "difference between residence and domicile" exists. He posited that venue in Morris County was appropriate because he had: a home in the county, paid New Jersey property taxes, a New Jersey driver's license, filed New Jersey tax returns, and maintained relationships in New Jersey. He also argued plaintiff could not seek a change in venue because she had disputed venue in a 2023 Rockland County family court matter and successfully dismissed the action based on defendant's New Jersey residency.

Plaintiff argued Rockland County was the proper venue because defendant resided in New York, and there had been multiple proceedings between the

---

[4] It is unclear exactly what motions were pending before the court, but the transcript memorializes that the parties argued whether venue should be in Morris County or Rockland County. The court's February 17 order does not address venue. Before the court, the parties acknowledged that: this matter has a long and tortured history; there were matters pending in both Morris County and Rockland County; and there would likely be further applications in these matters.

parties in Rockland County family court. Defendant had obtained a New York order of protection against plaintiff for visiting Mira at her Rockland County school, which plaintiff alleged was summarily dismissed. The parties acknowledged plaintiff had a New York final restraining order (FRO) against defendant. Further, plaintiff argued New Jersey no longer had jurisdiction over the parties "since the guardianship proceeding occurred in New York[, and] the child . . . liv[es] in New York."

The court explained at the motion hearing that because the parties had a divorce from bed and board, and it was unclear whether New York would accept such a divorce, venue was proper in Morris County until the court entered a final judgment of divorce. The court inquired as to the status of the parties' divorce and stated it could not "put a blanket" ruling that it was "going to retain jurisdiction indefinitely" in New Jersey because Mira and defendant resided in New York. It also stated New Jersey "venue laws really revolve around where the child resides. So, if [the parties are] telling [the court] the child resides in New York, the appropriate place for this divorce post-judgment is probably in New York." In addressing the parties' multiple restraining orders and conflicting communication provisions regarding Mira in the different courts' orders, the court reasoned, "[T]his is why [it] d[id not] recommend having litigation going

on in New York and New Jersey at the same time." The court advised the parties the matter could be moved to New York once they finalized their divorce but advised it would retain the matter in the meantime.

Plaintiff thereafter moved to finalize the parties' divorce. On March 15, 2024, the court issued a final judgment of divorce.

On appeal, defendant, self-represented, argues reversal of the court's order transferring venue is mandated because: the court unilaterally entered the order, which was arbitrary and capricious, had no factual or legal basis, and was issued without affording the minimum due process requirements of notice and opportunity to be heard, as there was no argument or notice; defendant is permanently domiciled in New Jersey; the parties have not yet resolved post-judgment issues regarding parenting time, alimony, the get, and medical insurance; the change of venue presents a severe hardship on defendant to relitigate open issues; there is no hardship on plaintiff if venue remains in New Jersey, as she lives forty minutes away and works in New Jersey; the law dictates venue remain in New Jersey; and the order is flawed. Further, defendant

references in support of his argument that at a prior proceeding in 2022,[5] he submitted "proofs . . . to the trial court . . . when the issue of jurisdiction was raised and resolved."

Defendant contends venue in Morris County is appropriate because he has maintained a home in New Jersey and intends to return permanently once Mira is placed in a group home. He argues his New Jersey domicile was established because he: has a New Jersey driver's license; filed New Jersey tax returns in 2022 and 2023; pays New Jersey property taxes; maintains New Jersey utilities; and keeps a New Jersey bank account.

## II.

"We accord deference to Family Part judges due to their 'special jurisdiction and expertise in family [law] matters.'" Gormley v. Gormley, 462 N.J. Super. 433, 442 (App. Div. 2019) (alteration in original) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). Our scope of review of Family Part orders is limited. Cesare, 154 N.J. at 411. We reverse "only when a mistake must have

---

[5] On appeal, we have not been provided a transcript of the referenced proceeding. See R. 2:5-4(a) (stating in relevant part that "[t]he record on appeal shall consist of all papers on file in the court or courts . . . , with all entries as to matters made on the records of such courts"); see also R. 2:6-1(a)(1)(I) (providing that the appendix must contain parts of the record "essential to the proper consideration of the issues"). This, however, does not prevent us from deciding this appeal.

been made because the trial court's factual findings are 'so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Spangenberg v. Kolakowski, 442 N.J. Super. 529, 535 (App. Div. 2015) (quoting Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 484 (1974)).

Decisions relating to a change in venue "will not be disturbed on appeal except upon a showing of an abuse of discretion." State v. Harris, 282 N.J. Super. 409, 413 (App. Div. 1995) (citing State v. Marshall, 123 N.J. 1, 76 (1991)); Diodato v. Camden Cnty. Park Comm'n, 136 N.J. Super. 324, 328 (App. Div. 1975) (concluding that appellate courts review whether a "change of venue constituted a mistaken exercise of discretion"). We review questions of law de novo. Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020).

Rule 4:3-3(a) address the trial court's authority to order a change of venue, stating:

> In actions in the Superior Court a change of venue may be ordered by the Assignment Judge or the designee of the Assignment Judge of the county in which venue is laid or by a judge of such county sitting in the Chancery Division, General Equity, or the presiding judge of the Family Part, . . . (1) if the venue is not laid in accordance with [Rule] 4:3-2; or (2) if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid; or (3) for the convenience of parties and witnesses in the interest of

justice; or, (4) in Family Part post-judgment motions, if both parties reside outside the county of original venue and application is made to the court by either party to change venue to a county where one of the parties now resides.

Rule 5:2-1(a)(1) addresses venue in Family Part actions primarily involving child support or parentage, providing in pertinent part:

> (1) In actions primarily involving the support or parentage of a child (except actions in which the issue of support of a child is joined with claims for divorce . . .) venue shall be laid, pursuant to the Uniform Interstate Family Support Act (UIFSA),[6] . . . if New Jersey is determined to be the child's home state, as defined under N.J.S.A. 2A:4-30.125.
>
> . . . .
>
> (4) The continuing exclusive jurisdiction of New Jersey or another issuing state, exceptions thereto and modification of a support order issued by a court of this or another state, shall be governed by N.J.S.A. 2A:4-30.133.

Under the UIFSA, "home state" is defined as "the state or foreign country in which a child lived with a parent or a person acting as parent for at least six consecutive months immediately preceding the time of filing of a complaint or comparable pleading." N.J.S.A. 2A:4-30.125(h). We have clarified that generally, when "none of the parties reside here, New Jersey does not have

---

[6] N.J.S.A. 2A:4-30.124 to -.201.

continuing, exclusive jurisdiction to modify the support obligation." Youssefi v. Youssefi, 328 N.J. Super. 12, 21 (App. Div. 2000); N.J.S.A. 2A:4-30.133(a)(1) to (2) (stating the court that has issued a child support order has exclusive jurisdiction to modify its order if "at the time of the filing of a request for modification[,] this State is the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued" or the parties consent). Further, the UIFSA provides that an "issuing tribunal retains jurisdiction to enforce its order if no modification has taken place and no other jurisdiction has assumed continuing, exclusive jurisdiction." Youssefi, 328 N.J. Super. at 22; see also N.J.S.A. 2A:4-30.133(b) to (c).

The Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), N.J.S.A. 2A:34-53 to -95, controls a court's jurisdiction for child custody determinations, including modifications of visitation and parenting time. N.J.S.A. 2A:34-54; see also Griffith v. Tressel, 394 N.J. Super. 128, 137 (App. Div. 2007). A court that has made an initial child custody determination "has exclusive, continuing jurisdiction" over the determination and modifications until:

> (1) a court of this State determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this State and that substantial evidence is no longer

11

available in this State concerning the child's care, protection, training, and personal relationships; or

(2) a court of this State or a court of another state determines that neither the child, nor a parent, nor any person acting as a parent presently resides in this State.

[N.J.S.A. 2A:34-66(a)(1) to (2).]

See also Griffith, 394 N.J. Super. at 139-41 (outlining the analysis a court must use to determine its jurisdiction to modify a child custody determination).

Regarding exclusive jurisdiction to modify spousal support, N.J.S.A. 2A:4-30.139(a) provides that the court "issuing a spousal support order consistent with the law of this State has continuing, exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation." Further, the court "that has continuing, exclusive jurisdiction over a spousal support order" may " request a tribunal of another state to enforce the spousal support order issued in this State." N.J.S.A. 2A:4-30.139(c)(1).

III.

We first address defendant's contention that he has demonstrated sufficient New Jersey connections to establish that Morris County is the proper venue for any post-judgment matters. Relevantly, it is undisputed that since 2019 defendant has resided with Mira in Rockland County to establish her residency, qualifying her for a future home placement with adults with

12

intellectual and developmental disabilities.  As Mira's sole guardian, defendant currently provides for her daily care and ensures her special needs school attendance.  He has acknowledged his intention to remain a Rockland County resident for the foreseeable future while Mira awaits a home placement, because the availability of a residential facility could take a substantial period of time.  Once Mira obtains a home placement, defendant contends he will return to permanently maintain a Morris County residence.

Our Supreme Court has recognized that "under New Jersey law, the term resident, although present in many statutes, is not fixed in meaning."  Caballero v. Martinez, 186 N.J. 548, 558 (2006).  "[T]he concept of 'bona fide resident' is equated with 'domiciliary.'"  Tatham v. Tatham, 429 N.J. Super. 502, 508 (App. Div. 2013) (quoting Gosschalk v. Gosschalk, 48 N.J. Super. 566, 572 (App. Div.1958), aff'd, 28 N.J. 73 (1958)).  A party's domicile is "established by 'physical presence' coupled with the 'concomitant unqualified intention to remain permanently and indefinitely.'"  Ibid. (quoting Gosschalk, 48 N.J. Super. at 573).  Our "courts define the term [resident] by looking to the purpose of the statute and the context in which the term is found."  Caballero, 186 N.J. at 558.

In the context of Family Part divorce actions under N.J.S.A. 2A:34-8 and -10, our courts have construed that "[t]he words 'bona fide resident' are

synonymous with 'domiciliary' and mean that plaintiff or defendant must be actually domiciled within New Jersey." Innes v. Carrascosa, 391 N.J. Super. 453, 482 (App. Div. 2007) (quoting Gosschalk, 48 N.J. Super. at 572). A domicile is "acquired, or changed . . . , when there is a concurrence of certain elements; i.e., an actual and physical taking up of an abode in a particular State, accompanied by an intention to make his home there permanently or at least indefinitely, and to abandon his [or her] old domicil." Somerville Bd. of Educ. v. Manville Bd. of Educ., 332 N.J. Super. 6, 11 (App. Div. 2000) (quoting Lyon v. Glaser, 60 N.J. 259, 264 (1972)). "Since the concept of domicil involves the concurrence of physical presence in a particular State, and an intention to make that State one's home, determination of a disputed issue on the subject requires an evaluation of all the facts and circumstances of the case." Lyon, 60 N.J. at 264-65.

Based on defendant's residency in Rockland County for over five years and his intention to indefinitely remain there as Mira's guardian until her home placement, we agree with the court that it is uncontroverted that defendant is domiciled in Rockland County, not Morris County. Defendant's goal to eventually move back permanently to Morris County and his decision to maintain a New Jersey residence and driver's license do not negate his Rockland

County residency. We also note Mira has been a Rockland County resident for significantly over six months, having moved there in 2019. While defendant and Mira are domiciled in Rockland County, that fact alone is not dispositive of the issues on appeal.

We turn to address defendant's argument that the court had no pending motions and neither party had requested a change in venue when it unilaterally decided to transfer all post-judgment matters to Rockland County. While we disagree with defendant that there are no circumstances permitting the presiding judge of the Family Part to initiate a post-judgment change of venue on its own initiative, in the present matter, the court erred in transferring all future post-judgment applications without either party moving to transfer venue and notice to the parties with an opportunity to be heard. See Rule 4:3-3(a)(3) (permitting the presiding judge of the Family Part to order a change of venue "for the convenience of parties and witnesses in the interest of justice" and "in Family Part post-judgment motions, if both parties reside outside the county of original venue and application is made to the court by either party to change venue to a county where one of the parties now resides").

Further, the court's sua sponte transfer order fails to provide a sufficient statement of reasons. "[A]ppellate review is impeded when a trial court fails to

'state its factual findings and conclusions of law on the record as required by Rule 1:7-4(a).'" Parke Bank v. Voorhees Diner Corp., 480 N.J. Super. 254, 266 (App. Div. 2024) (quoting Lakhani v. Patel, 479 N.J. Super. 291, 297-98 (App. Div. 2024)). A "trial judge is required to 'state clearly its factual findings and correlate them with the relevant legal conclusions.'" Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)). For these reasons, we are constrained to part ways with the court's decision to transfer all post-judgments matters, as its decision was a mistaken exercise of discretion.

We recognize the court's well-intentioned venue order was partially based on Mira's best interests and the importance of not jeopardizing her residency status for future home placement. As the court noted, the parties litigated the guardianship of Mira and multiple domestic violence issues in New York. We further note defendant argues that the parties have unresolved issues regarding parenting time, health insurance, and alimony, which may give rise to future motion practice. He highlights that multiple parenting time issues remain in dispute requiring enforcement and argues the New York judge should not have to address parenting time issues that the judge is unfamiliar with. While defendant argues motions were pending, there are no documents in the record evidencing unresolved applications. As no application was filed, and the court

16

provided scant findings, we are foreclosed from addressing the merits of the transfer. Therefore, we vacate the court's order transferring all post-judgment matters to Rockland County.

Under the present undisputed facts, defendant is unquestionably domiciled in Rockland County and the court is charged to address venue upon either party's application for post-judgment relief. However, because of this matter's long history, we add the following brief comments regarding the parties' post-judgment applications on the alleged remaining issues.

If either party moves for the modification of an order pertaining to Mira, including child support and parenting time, the court is within its authority to relinquish its exclusive jurisdiction and transfer the matter to Rockland County where she is a resident. See N.J.S.A. 2A:34-66(a)(1) to (2); Griffith, 394 N.J. Super. at 139-41; see also N.J.S.A. 2A:4-30.131, .133. Regarding spousal support, the Family Part under N.J.S.A. 2A:4-30.139 retains continuing, exclusive jurisdiction. In the present matter, because the court issued a spousal support order, it maintains "exclusive jurisdiction to modify the spousal support order throughout the existence of the support obligation." N.J.S.A. 2A:4-30.139(a). While the court here retains exclusive jurisdiction, it may request a court in "another state to enforce the spousal support order issued in this State."

N.J.S.A. 2A:4-30.139(c)(1). Therefore, upon the filing of a motion by either party, the court is to evaluate the type of relief requested in determining venue consistent with this opinion.

For these reasons, we conclude the court improvidently issued a blanket sua sponte venue transfer order though neither party had filed a post-judgment motion. To the extent that we have not addressed defendant's remaining contentions, it is because they lack sufficient merit to be discussed in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed in part, reversed in part, and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M. C. Harley

Clerk of the Appellate Division

A-2641-23