The defendants appeal from an order of Judge Cleary, sitting in the Law Division, discharging an order to show cause why the venue should not be changed from Union County to Essex County. The appeal must be dismissed for the reason that the order is not appealable.
An appeal cannot be taken from an interlocutory order unless the order falls within one of the three classes mentioned inRule 4:2-2, or unless the case is within clause (d) of the rule, which allows an appeal when "necessary to preserve and maintain the res or status quo pending final judgment and prevent irreparable injury or mischief." The appellants say first, that this order falls within class (c) of the rule, that it is an order "determining that the court has jurisdiction over the subject matter or the person," and, second, that the appeal comes within clause (d).
An order comes within group (c) only when the issue of jurisdiction is directly presented to the court, usually by a motion to quash or dismiss. In the present instance, no question of jurisdiction was raised, or could plausibly have been raised, since the Superior Court has state-wide jurisdiction. As to clause (d), it is equally clear that, even if the order complained of is erroneous, the appeal is not necessary in order to prevent irreparable injury, for it may be reviewed on appeal from the final judgment. Defiance Fruit Co. v. Fox, 76 N.J.L. 482
(E. A. 1908). Furthermore, there is no res or statusquo affected by the order, or which might be jeopardized unless the appeal be permitted.
There is another reason why the denial of the motion to change the venue is not subject to appeal, namely, it was within the discretion of the Law Division, and there is no suggestion of a misuse of discretion. Palm Beach, etc., Co. v. Ivers,64 A.2d 367 (N.J. App. Div. 1949). Since this is an action for libel, a transitory action, the plaintiff might lay the venue in any county in which the corporate defendant does business, or in which any other party resides, or the cause of action arose.Rule 3:3-2. If the defendants, in *Page 146 
their moving papers, had negatived all these possible bases for the plaintiff's choice of venue, a denial of the motion would have been error unless the court found sufficient ground for relaxing the venue rule. Rule 3:1-2. But the defendants, failing in this line of attack, urged that Essex County is more convenient for the parties and witnesses than Union, where the venue is laid. Thus presented, the order refusing to change the venue was discretionary.