NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0933-15T3

ANTHONY CASTRONOVA,

 Plaintiff-Appellant,

v.

COUNTY OF BERGEN,

 Defendant,

and

BERGEN COUNTY PROSECUTOR’S
OFFICE (BCPO); STATE OF
NEW JERSEY; and BERGEN
COUNTY PROSECUTOR
JOHN MOLINELLI,

 Defendants-Respondents.

_____________________________

 Argued May 9, 2017 – Decided June 12, 2017

 Before Judges Reisner and Rothstadt.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County, Docket
 No. L-1821-15.

 Eric V. Kleiner argued the cause for
 appellant.
 Ashley Gagnon, Deputy Attorney General, argued
 the cause for respondents (Christopher S.
 Porrino, Attorney General, attorney; Lisa A.
 Puglisi, Assistant Attorney General, of
 counsel; Ms. Gagnon, on the brief).

PER CURIAM

 Plaintiff Anthony Castronova appeals from an August 7, 2015

order dismissing his complaint against former Bergen County

Prosecutor John Molinelli, the Prosecutor's Office, Bergen County,

and the State of New Jersey.1 He also appeals from an October 9,

2015 order denying his motion for reconsideration and recusal of

the motion judge, and from an October 14, 2015 order denying as

moot his motion seeking to change venue from Bergen County.

Plaintiff likewise appeals from a December 5, 2014 order granting

a change of venue from Passaic County to Bergen County, and a

December 19, 2014 order denying reconsideration.

1
 Both sides presented the motion judge with materials outside the
pleadings. However, the judge's decision rested on the pleadings
rather than on those additional materials. See R. 4:6-2(e) (if
the court considers materials outside the pleadings, the motion
is converted into one for summary judgment). Nonetheless,
plaintiff has included those additional materials in his appendix.
We have reviewed them to determine whether, even with those
supplemental materials, we could glean a viable cause of action
here. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116
N.J. 739, 746 (1989). None of those materials would make a
difference to the outcome of this case. We note that plaintiff's
brief makes reference to additional factual allegations, which
were not set forth in his complaint and are not supported by the
record presented to us.

 2 A-0933-15T3
 Plaintiff resigned his position as a Haworth police officer,

under suspicion of involvement in organized crime. His letter of

resignation stated that he resigned "in exchange for an agreement

that I not be prosecuted for allegations of malfeasance in office

and other related charges." The letter also acknowledged that,

upon request, his former employer would provide a copy of the

letter to any prospective law enforcement employer and "shall be

immune from civil suit for so doing."

 In his complaint, plaintiff asserted that Prosecutor

Molinelli thereafter attempted to persuade other law enforcement

agencies to refrain from hiring plaintiff, based on plaintiff's

resignation from the Haworth police department on suspicion of

criminal involvement. Plaintiff alleged that, as part of that

effort, Molinelli asked officials of one of those police

departments to listen to wiretap tapes from an organized crime

investigation. Notably, the complaint does not allege that the

information about plaintiff's resignation was false or that the

wiretap tapes contained false information about him.

 Plaintiff's complaint also recited that the Bergen County

Prosecutor's Office indicted him for false swearing in connection

with his application to two other police departments. The

Prosecutor accused plaintiff of failing to disclose that he had

resigned from the Haworth police department to avoid criminal

 3 A-0933-15T3
prosecution. Plaintiff's complaint alleged that the prosecutions

were ill-motivated and unjustified, and interfered with his

ability to obtain another law enforcement job.

 Plaintiff asserted causes of action for tortious interference

with economic advantage and related theories, invasion of privacy,

abuse of process, intentional infliction of emotional distress for

the allegedly unwarranted criminal prosecutions, intentional or

negligent misrepresentation, violation of constitutional rights,

and claims under the New Jersey Civil Rights Act, N.J.S.A. 10:6-

2.

 In a comprehensive written opinion dated August 7, 2015,

Judge Robert C. Wilson concluded that, even taking plaintiff's

assertions as true and viewing the complaint indulgently, the

complaint failed to state a claim. Among other things, he reasoned

that Molinelli was entitled to prosecutorial immunity, and that

plaintiff had no constitutionally-protected property interest in

prospective employment as a law enforcement officer.

 Our review of the judge's order entered under Rule 4:6-2(e)

is de novo. See Major v. Maguire, 224 N.J. 1, 26 (2016) (citing

Smerling v. Harrah's Entm't, Inc., 389 N.J. Super. 181, 186 (App.

Div. 2006)). Having reviewed the record in light of that standard,

we affirm the August 7, 2015 order for the reasons stated in Judge

Wilson's August 7 opinion. We affirm the October 9, 2015 order

 4 A-0933-15T3
denying reconsideration, for the reasons stated in the judge's

written opinion issued with the order.

 Finding no abuse of discretion, we affirm the orders relating

to the change of venue from Passaic County to Bergen County, for

the reasons stated by Assignment Judge Ernest M. Caposela in his

written opinion dated January 9, 2015. See Rossbach v. Evening

News Publ'g Co., 3 N.J. Super. 143, 145 (App. Div. 1949). We

likewise affirm Assignment Judge Bonnie J. Mizdol's order

dismissing, on mootness grounds, plaintiff's motion to change

venue from Bergen County after his complaint was dismissed.

 Plaintiff's appellate arguments are without sufficient merit

to warrant further discussion. R. 2:11-3(e)(1)(E).

 Affirmed.

 5 A-0933-15T3