ROBERT T. WINZINGER, INC., PLAINTIFF, v. BRENNAN BROTHERS, INC., DEFENDANT.

IDEAL MUTUAL INSURANCE COMPANY, AS SUBROGEE OF BRENNAN BROTHERS, INC., PLAINTIFF, v. ROBERT T. WINZINGER, INC. AND ROBERT T. WINZINGER, INDIVIDUALLY, DEFENDANTS.

Superior Court of New Jersey
Law Division Union County

May 25, 1983.

*John A. Almeida* for plaintiff, Robert T. Winzinger, Inc. defendants, Robert T. Winzinger, Inc. and Robert T. Winzinger, individually (*Farr, Reifsteck & Wolfe,* attorneys).

*Richard A. Grodeck* for plaintiff, Ideal Mutual Insurance Company (*Methfessel & Werbel,* attorneys).

*Philip A. Pahigian* for defendant, Brennan Brothers, Inc. (*Wilentz, Goldman & Spitzer,* attorneys).

HAINES, A.J.S.C.

Winzinger, a demolition and excavation contractor, rented a 200-ton crane from Brennan Brothers, Inc. with which to perform a contract for the removal of a bridge over Newark Bay. On September 30, 1981, the day the job commenced, the crane caught fire and was damaged substantially. It was insured by Ideal Mutual Insurance Company.

On November 20, 1981, Ideal, as subrogee, filed a complaint concerning the fire loss against Winzinger in the Superior Court, Law Division, Union County. No summons was issued until February 23, 1983. Ideal had not paid any monies to Brennan Brothers at the time the complaint was filed and did not make

any payments until after Winzinger's Burlington County action was filed.

Winzinger having itself suffered losses as a result of the fire damage to the crane, brought suit against Brennan Brothers in the Superior Court, laying the venue in Burlington County. This suit was commenced on April 7, 1982. Service of the summons and complaint was made on April 19, 1982. Winzinger, in a motion addressed to the Burlington County Assignment Judge, now requests dismissal of the Ideal complaint or consolidation of both actions in Burlington County. Ideal and Brennan Brothers oppose the application.

*R.*4:4–1 requires the issuance of a summons within 10 days of the filing of a complaint, absent which the action may be dismissed pursuant to *R.*4:37–2(a). It invites a motion only in the County in which venue is laid—Union County. The Burlington County courts have no jurisdiction over that issue, although it plays a role, indirectly, in connection with my determination of the consolidation motion.

*R.*4:38–1(a) provides:

Actions in the Superior Court. When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated. *If the actions are not triable in the same county or vicinage, the order shall be made by the Assignment Judge of the county in which the venue is laid in the action first instituted* on motion, his own initiative, or on certification of the matter to him by a judge of the Law or Chancery Division. (Emphasis supplied.)

The interpretation of this Rule controls the disposition of the motion.

The filing of Ideal's complaint preceded Winzinger's filing by many months. It is therefore argued that the consolidation application could be made only to the Assignment Judge of Union County, "the county in which the venue is laid and the action first instituted...." The peculiar circumstances of the present case, however, lead me to an opposite conclusion.

■ Ideal did not have a subrogation claim at the time it filed its complaint because it had not advanced any money on Bren-

nan Brother's claim. *Montefusco Excavating & Contracting Co. v. Middlesex County,* 82 *N.J.* 519 (1980). Its complaint therefore was not supported by a cause of action. This conclusion is reinforced by the language of Ideal's policy which states:

In all cases of loss the insured shall ... subrogate all their rights and claims against others to this company *at time of payment* .... (Emphasis added.)

Neither Ideal nor Brennan argues to the contrary. The inference is that Ideal's complaint was filed in 1981 for the sole purpose of capturing a Union County venue, for whatever reason. Counsel argues that the early filing was designed to promote an early trial, an argument which is not persuasive in view of the fact that Ideal did not issue its summons until more than 15 months after its complaint was filed. The filing of a complaint for the purpose of establishing venue, when no cause of action exists, is an abuse of our rules of procedure. These rules are to be "construed to secure a just determination, simplicity in procedure, fairness in administration and the elimination of unjustifiable expense and delay." *R.*1:1–2. Our consolidation Rule, *R.*4:38–1(a), must be interpreted accordingly. The filing of a complaint in anticipation of litigation, when the plaintiff has no claim, if recognized as a valid method of establishing venue, would deny simplicity and fairness. It is not a permissible technique.

*R.*4:38–1(a) places jurisdiction in the Assignment Judge "of the county in which the venue is laid in the action first instituted...." The word "action" refers to a cause of action. Ideal had none. "[T]he action first instituted" must be read as "the action first *properly* instituted." Ideal's complaint, filed when Ideal had no cause of action, was not "properly instituted." Its precarious nature is further underlined by the fact that a summons was not issued for more than 15 months after the filing of the complaint, making an *R.*4:4–1 dismissal of the suit likely under the circumstances of this case. I therefore conclude that "the action first instituted" was Winzinger's. It was instituted in Burlington County. Consequently, the Assignment Judge of Burlington County has jurisdiction over the consolida-

tion issue. All parties agree that consolidation is appropriate. The facts support that conclusion. The consolidation motion is therefore allowed.

Ideal and Brennan contend that even if the Burlington County Assignment Judge has jurisdiction, and allows consolidation, venue should be laid in Union County for reasons of convenience. It claims that Union is the situs of the fire and the probable location of most of the witnesses. There is no convincing evidence, however, to show that the inconvenience to the parties and witnesses on one side of the controversy is any greater than the inconvenience occasioned to those on the other. In any event, such inconvenience is not, *ipso facto,* a basis upon which the venue decision should rest. *Diodato v. Camden County Park Commission,* 136 *N.J.Super.* 324 (App.Div.1975). Furthermore, *R.*4:38–1 makes no express provision for a change of venue, merely stating in sub-paragraph (e) that "[w]here actions in different venues or courts are consolidated, the order of consolidation shall state the venue in which the consolidated action or actions ought to be tried. . . ." This language invites the exercise of discretion by the Assignment Judge; he may therefore select venue on the basis of fairness after a consideration of all facts.

The parties opposed to Burlington County venue argue that *R.*4:3–3 must be read with *R.*4:38–1. The former Rule permits a change when venue was laid improperly in the first instance, when there is "a substantial doubt that a fair and impartial trial can be had in the county where venue is laid" and "for the convenience of parties and witnesses in the interest of justice." *R.*4:38–1 has not been made subject to *R.*4:3–3 by any express language of the Rules, but the reasons the latter Rule sets forth for a change of venue should be considered when consolidating two cases arising in different counties. *R.*4:3–3 itself, however, does not apply.

Winzinger's suit properly laid venue in Burlington County where the parties will be provided with a fair trial. Convenience, as noted above, is not an argument of any moment. The

120

interest of justice will be served equally in either county. Consequently, the reasons set forth in *R.*4:3–3 provoke no response favorable to a Union County venue. Furthermore, the existence of *R.*4:3–3 provides its own reason for denying that venue. Those parties seeking a Union County trial court have moved under that Rule for a change of venue in the Burlington County proceeding. They were required to do so "not later than 10 days after the expiration of time prescribed by *R.*4:6–1 for the service of the last permissible responsive pleading." Otherwise, "objections to venue shall be waived." The 10 days are long gone. Ideal and Brennan Brothers therefore waived their objections to venue. This waiver, coupled with the lack of any basis for a change of venue, the absence of any cause of action supporting Ideal's complaint and its abuse of the venue rules, make inescapable the conclusion that venue of the consolidated suits should be laid in Burlington County.

Since Ideal has no cause of action, Winzinger is directed to file a motion for dismissal of its complaint.