**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0404-17T1

S.H.,

    Plaintiff-Appellant,

v.

W.H.,

    Defendant-Respondent.

_____

Submitted January 8, 2019 – Decided May 20, 2019

Before Judges Accurso and Moynihan.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0441-15.

S.H., appellant pro se.

Fusco & Macaluso Partners, LLC, attorneys for respondent (Amie E. DiCola, on the brief).

PER CURIAM

    Plaintiff S.H. and defendant W.H. had one son – born June 13, 2014 –

prior to their March 2016 divorce. Plaintiff appeals from two Family Part

orders, entered March 22 and August 18, 2017 denying her sequential motions for post-judgment relief.

In her self-authored merits brief plaintiff argues:

POINT I

THE JUDGE [ERRED] IN NOT CONSIDERING MANY ITEMS OF RELIEF IN THE PLAINTIFF'S NOTICE OF MOTION, WHICH WERE INACCURATELY STATED BY THE JUDGE AS NOT INCLUDED IN THE NOTICE OF MOTION.

POINT II

[THE] JUDGE ERRED IN DENYING HER MOTIONS FOR ADJUSTMENT OF PARENTING TIME, DID NOT CONSIDER THE CHANGED CIRCUMSTANCES PROPERLY, AND DID SO WITHOUT AFFORDING HER AN EVIDENTIARY HEARING.

POINT III

THE JUDGE ERRED IN DENYING THE PLAINTIFF'S REQUESTS FOR CURRENT MODIFICATION IN CHILD SUPPORT, STATING SHE DID NOT [DEMONSTRATE] "CHANGED CIRCUMSTANCES," NOR WAS THE JUDGE'S RULING ACCOMPANIED BY FINDINGS OF FACT AND LEGAL CONCLUSIONS OR DID THE JUDGE REQUEST A DISCOVERY HEARING OR REQUIRE THE DEFENDANT TO DISCLOSE UPDATED FINANCIAL INFORMATION.

A-0404-17T1

POINT IV

THE TRIAL COURT ERRED BY FAILING TO FIND THAT THE [DEFENDANT] HAD MISREPRESENTED HIS INCOME AT THE TIME OF THE NEGOTIATION OF THE MARITAL SETTLEMENT AGREEMENT AND THEREFORE IN DENYING THE [PLAINTIFF'S] REQUEST FOR A RETROACTIVE INCREASE IN CHILD SUPPORT BASED UPON THAT MISREPRESENTATION.

POINT V

[THE] JUDGE [ERRED] IN NOT CONSIDERING PLAINTIFF'S ALLEGATIONS OF CONTINUED ACTS OF DOMESTIC VIOLENCE, FAILED TO HOLD THE DEFENDANT IN CONTEMPT OF THE PARTIES CONSENT ORDER AND INCORRECTLY HAD NO OTHER REASONABLE BASIS FOR THIS EVIDENCE TO NOT HAVE BEEN ALLOWED IN EVALUATION THE PLAINTIFF'S CHANGE IN PARENTING TIME.

POINT VI

[THE] TRIAL COURT [ERRED] IN DENYING THE PLAINTIFF'S REQUEST FOR A CHANGE OF VENUE.

POINT VII

THE [TRIAL COURT JUDGE] SHOULD [HAVE] RECUSED HIMSELF BECAUSE THE [JUDGE] CAN NO LONGER BE IMPARTIAL AS THE PLAINTIFF'S RIGHTS TO . . . DUE PROCESS WERE VIOLATED WHEN THE JUDGE REFUSED TO CONSIDER EVIDENCE OR HOLD ORAL HEARINGS THAT DOCUMENTS THE

3

DEFENDANT'S CONTINUED ACTS OF DOMESTIC VIOLENCE.

We are unpersuaded by these arguments and affirm.

Although her supporting certification raised twenty-one requests for relief, plaintiff's first notice of motion sought only an adjustment of child support payments, changes to the parties' custody and visitation arrangements, enforcement of litigant's rights, a change of venue, and to set aside sections of the marital settlement agreement incorporated in the judgment of divorce. Addressing that first motion, the trial court judge noted "many items of relief embodied within [plaintiff's] certification . . . were not included in the [n]otice of [m]otion" and, due to this omission, were not going to be considered. Nonetheless, the judge did address each request set forth in plaintiff's certification and denied them all. We review only those issues which are the subject of this appeal. C.f. Lombardi v. Masso, 207 N.J. 517, 542 (2011) ("[We] confine ourselves to the original summary judgment record because that is the limited issue before us.").

The judge found plaintiff failed to establish that a change to the terms of the marital settlement agreement – which he found was freely and voluntarily agreed to by the parties – was warranted and that plaintiff failed to attempt mediating the disputed issues as required by the agreement. In denying the

4

request to modify child support, the judge concluded plaintiff failed to demonstrate that there had been a significant change in circumstances, see Lepis v. Lepis, 83 N.J. 139, 157 (1980), and submit a case information statement, Rule 5:5-2. The judge also found plaintiff showed neither that the visitation terms of the marital settlement agreement required modification to address the needs of the child nor a significant change in circumstances. And the judge denied plaintiff's request for a change of venue to Union County based on her allegation that defendant – a police officer employed by the City of Garfield – had undue influence in proceedings venued in Bergen County, finding defendant was unknown to the court except for his involvement in litigated matters before the court.

Plaintiff's second notice of motion also sought an adjustment of child support payments, changes to the parties' visitation arrangement, enforcement of litigant's rights, and a change of venue; she additionally requested an "emergency hearing to order a new parenting time evaluation"[1] and the recusal of the trial court judge. Plaintiff's certification in support of the second motion listed nineteen requests for relief.

---

[1] Plaintiff's request for emergent relief was denied on June 30, 2017. Plaintiff has not appealed from that order.

A-0404-17T1

The judge again ruled that the requests set forth in plaintiff's certification, but not included in her notice of motion, would not be considered. He ruled only on plaintiff's motion for recusal, modification of parenting time and change of venue; for reasons which we discuss in detail, he denied all requested relief.

<u>Parenting Time</u>

Plaintiff argues the trial court erred in denying her request for a change in parenting time because she demonstrated changed circumstances. She explains that the parties' son was diagnosed with cognitive and speech developmental delays necessitating his enrollment in a five-day-per-week program. Plaintiff avers the current back-to-back overnight weekday parenting time schedule, which requires the child to be transported from defendant's home in Garfield to school in Cranford, is not in the child's best interests. She maintains an evidentiary hearing was required "to evaluate the issues raised by [plaintiff] that the child's teachers and social workers who treat the child report that the child is having difficulty adapting to changing environments and the frequent [trips] between households is putting undue stress on the child, [a]ffecting his emotional and cognitive development."

The primary consideration in a case involving parenting time is the best interests of the child. <u>V.C. v. M.J.B.</u>, 163 N.J. 200, 227-28 (2000); <u>Kinsella v.</u>

A-0404-17T1

Kinsella, 150 N.J. 276, 317 (1997). The best-interests standard focuses on the "safety, happiness, physical, mental and moral welfare of the child." See Fantony v. Fantony, 21 N.J. 525, 536 (1956). Although "New Jersey has long espoused a policy favoring the use of consensual agreements to resolve marital controversies," Konzelman v. Konzelman, 158 N.J. 185, 193 (1999), parenting time orders are subject to modification at any time "upon a showing of a material change in circumstances," Hoy v. Willis, 165 N.J. Super. 265, 275-76 (App. Div. 1978). The party seeking a modification has the burden to show it is warranted. Mastropole v. Mastropole, 181 N.J. Super. 130, 136 (App. Div. 1981).

We agree with the trial court judge that plaintiff did not meet her burden. Plaintiff's certification and supporting documents do not provide a link between any emotional and cognitive difficulties the parties' son may be having and the current parenting time arrangement. The New Jersey Early Intervention System Initial Evaluation/Assessment Summary submitted by plaintiff in support of the motion states only that "Mom report[ed] changes in [the child's] behavior after spending overnights at his dad's as he tends to be quieter and the transition to school (separating) is more difficult." Plaintiff may have met her burden if she submitted a like opinion by a learning specialist or other trained professional with knowledge of the child's circumstances that tethered the parenting time

7

arrangements to the child's delayed developmental progress. See Dorfman v. Dorfman, 315 N.J. Super. 511, 518 (App. Div. 1998) (noting that detailed and documented evidence demonstrating behavioral problems with the child necessitated at least an investigation of the problem). Her submissions, however, do not raise a "genuine and substantial factual dispute regarding the welfare" of the child to necessitate a hearing to resolve the issue. Hand v. Hand, 391 N.J. Super. 102, 105 (App. Div. 2007); see also Lepis, 83 N.J. at 159 (holding "a party must clearly demonstrate the existence of a genuine issue as to a material fact before a hearing is necessary" so that courts are not obligated to hold hearings on every modification application).

Although we do not discern that the judge decided the issue, we do not perceive any merit in plaintiff's contention that defendant's continued acts of domestic violence required an evidentiary hearing regarding her request to change the parenting time arrangement. Evidence of domestic violence affecting the safety of the child may establish a prima facie case requiring an evidentiary hearing to assess whether the acts affect the welfare of the child. See R.K. v. F.K., 437 N.J. Super. 58, 66-67 (App. Div. 2014); Hand, 391 N.J. Super. at 105-06. But all of plaintiff's allegations of domestic violence involve harassing emails sent by defendant to her personal email account. Regardless

of whether these qualify as "domestic violence" under N.J.S.A. 2C:25-19(a), there is no evidence the child was exposed to them. Moreover there is no evidence as to how the acts impact on the parenting time arrangement. The record supports the trial court's decision to deny plaintiff's parenting-time-modification motion.

## Child Support

Plaintiff argues the trial court erred by denying her request for a modification of the parties' child support agreement because she demonstrated changed circumstances and by denying her request for a retroactive increase because she proved that defendant misrepresented his income when negotiating the marital settlement agreement.[2] Plaintiff proffers several changed circumstances she contends warrant the child support modification: her remarriage; the birth of two children unrelated to the defendant; the child's commencement of the five-days-per-week program; and defendant's recent promotion leading to an increased salary and his purchase of an investment property.

---

[2] Plaintiff does not contest the denial of her first motion for child support modification for which she did not submit a case information statement as required by Rule 5:5-2.

The party seeking modification of support payments has the burden of showing changed circumstances; a prima facie showing requires "a demonstration that the child's needs have increased to an extent for which the original arrangement does not provide." Lepis, 83 N.J. at 157. Child support is for the benefit of the child, not the parent. Ordukaya v. Brown, 357 N.J. Super. 231, 241 (App. Div. 2003). Thus, plaintiff's remarriage and the birth of her other children are irrelevant to establishing a change of circumstances. Further, plaintiff failed to demonstrate how the child's financial needs increased because of his enrollment in the program. There is no evidence of any costs associated with the program. Nor do we see any evidence that the parties' child care costs were impacted by the child's enrollment.

In furtherance of her argument that defendant misrepresented his income at the time of the agreement was negotiated, plaintiff alleges that "false, misleading, and incomplete financial evidence" was submitted by the defendant prior to enactment of the agreement. These assertions of deliberate misrepresentations of his gross income are belied by documentary evidence she included in her appendix. Defendant's 2014 W-2 statement listed his yearly income as $134,190, the exact amount he then listed on the case information statement submitted in 2015 during negotiations. None of the financial

documents plaintiff submitted as evidence supports the assertion that defendant misrepresented income prior to enactment of the parties' agreement.

Although the trial court judge did not set forth any findings of fact or legal conclusions when denying plaintiff's child support requests in his decision on the second motion – which, unlike the first motion, was supported by a case information statement – there is no evidence in the record to support plaintiff's claim that she established a change of circumstances to warrant a modification. Nor is there any evidence to support her prayer for a retroactive modification of child support. Inasmuch as plaintiff did not establish a prima facie case of change circumstances, she was not entitled to defendant's financial information. Welch v. Welch, 401 N.J. Super. 438, 444 (Ch. Div. 2008); see R. 5:5-1(d); see also Major v. Maguire, 224 N.J. 1, 23 (2016) (citing Welch with approval).

Change of Venue

It has long been held that motions for change of venue "are addressed to the sound discretion of the court." State v. Collins, 2 N.J. 406, 411 (1949). Recognizing that a court's exercise of discretion "must be neither arbitrary, vague nor fanciful and must be in consonance with well established principles of law . . . [t]he exercise of such discretion will not be disturbed on review unless it has been clearly abused." Ibid.

11

We analyze plaintiff's challenge to the trial court judge's denial of her motion to change venue to the Union vicinage under Rule 4:3-3(a) which, in pertinent part, permits a change of venue:

> (1) if the venue is not laid in accordance with [Rule] 4:3-2; or
>
> (2) if there is a substantial doubt that a fair and impartial trial can be had in the county where venue is laid; or
>
> (3) for the convenience of parties and witnesses in the interest of justice; or
>
> (4) in Family Part post-judgment motions, if both parties reside outside the county of original venue and application is made to the court by either party to change venue to a county where one of the parties now resides.

Although the trial court judge quoted the holdings of four cases, the only finding the judge made in denying plaintiff's motion was, "under [Rule] 4:3-3(a)(4), [defendant was] "still a resident of Bergen County." The judge mentioned section (a)(1) in his ruling but plaintiff's current arguments pertain only to the last three sections of the Rule. The judge's limited factual finding and plaintiff's muddled merits brief and appendix do not provide sufficient information for us to ascertain what was argued to the trial court. We will, however, address all three facets of plaintiff's argument.

12

As an initial matter, the judge's finding that defendant resides in Bergen County eliminates section (a)(4) as a ground for a venue change.

Next, under section (a)(3) and the doctrine of forum non conveniens, "a court may decline jurisdiction where there is available another forum where trial will best serve the convenience of the parties and the ends of justice." Gore v. U.S. Steel Corp., 15 N.J. 301, 305 (1954). Plaintiff claims that the child and witnesses, including "the child's teachers, social workers, religious leaders and doctors" who would be called "in a new custody evaluation and at trial, all live closer to the Union County courts." We see nothing in the record that identifies any such witnesses or substantiates their alleged connection to Union County. Further, a change of venue need not be granted to alleviate witnesses' travel inconvenience. See Diodato v. Camden Cty. Park Comm., 136 N.J. Super. 324 (App. Div. 1975).

We do not find any support in the record for plaintiff's contention that venue should be changed to Union County under the forum non conveniens doctrine because of prior acts of domestic violence, which plaintiff asserts are "likely to continue in the future." As we already observed, plaintiff's only allegations of domestic violence involve harassing emails sent by defendant to her personal email account. The record reveals defendant is not subject to a

A-0404-17T1

restraining order; the parties agreed to a consent order providing civil restraints. In ruling on plaintiff's first motion seeking enforcement of litigant's rights, the trial court judge found plaintiff did not submit proof of any violations of that order and did not demonstrate any recent act by defendant, only "pre-divorce issues and issues litigated" in a prior final restraining order hearing. Indeed, in her merits brief – in a point that conflates arguments about the court's failure to: consider allegations of continued domestic violence, hold defendant in contempt for violating the consent order and consider "this evidence" in evaluating plaintiff's parenting time modification request – plaintiff argues that she "should have been permitted to submit evidence of past violations of the civil restraints, not because those violations were per se acts of domestic violence, but because the past violations support the claim that the defendant engaged in acts of harassment by making communications with the purpose to alarm or seriously annoy." As the trial court judge found, no proofs were submitted; nothing in the record supports plaintiff's argument that she was prohibited from presenting same.

Plaintiff argues defendant's "social and professional status and substantial political connections and influence as a public employee of Bergen County," occasioned by his many years of service as a police officer in Garfield, created

14

the appearance of bias, requiring a venue change under <u>Rule</u> 4:3-3(a). The trial court judge did not address this issue in ruling on the second motion. He did, however, deny plaintiff's first motion to change venue, finding "[w]hile . . . plaintiff imagines [defendant] is well known and a powerful figure in Bergen County, other than being a party to this case and a prior [d]omestic [v]iolence action, he is unknown to the [c]ourt."

We note that defendant is not employed by Bergen County; he is a municipal police officer. The judge's determination that no evidence supports plaintiff's contention that defendant exerts such influence in Bergen County that "there is a substantial doubt that a fair and impartial trial can be had" there was supported by the record. We see no basis upon which a change of venue should be based.

Recusal

The trial court judge denied plaintiff's recusal motion, concluding:

> The assertion by the plaintiff does not include any specific reasons for recusal, [and] does not cite to any verifiable actions by the [c]ourt by way of presentation of a transcript. [Plaintiff] asserts that at some unspecified time, she observed the [c]ourt "high five" the defendant in a hall, an assertion which is categorically denied, and fails to submit any independent verification of this assertion.

Any motion seeking a judge's disqualification is, "at least in the first instance, entrusted to the 'sound discretion' of the trial judge whose recusal is sought." Panitch v. Panitch, 339 N.J. Super. 63, 66 (App. Div. 2001) (quoting Magill v. Casel, 238 N.J. Super. 57, 63 (App. Div. 1990)). "Judges shall disqualify themselves in proceedings in which their impartiality or the appearance of their impartiality might reasonably be questioned." Code of Judicial Conduct, R. 3.17(B); see also R. 1:12-1. It is, nonetheless, "improper for a judge to withdraw from a case upon a mere suggestion that he is disqualified 'unless the alleged cause of recusal is known by him to exist or is shown to be true in fact.'" Panitch, 338 N.J. Super. at 66-67 (quoting Hundred E. Credit Corp. v. Eric Schuster Corp., 212 N.J. Super. 350, 358 (App. Div. 1986)). And while "'it is not necessary to prove actual prejudice on the part of the court' to establish an appearance of impropriety," there must be an "'objectively reasonable' belief that the proceedings were unfair." DeNike v. Cupo, 196 N.J. 502, 517 (2008) (quoting State v. Marshall, 148 N.J. 89, 279 (1997)).

Plaintiff contends there is "evidence detailing prior unethical and/or illegal conduct" by the judge against other litigants. As the trial court judge found, however, plaintiff points to no specific, verifiable actions by the judge to

support this assertion. Although plaintiff alleged the judge "high-fived" defendant in a hall, thus showing bias, she provided no independent proof of this conduct which was "categorically denied" by the judge. Plaintiff further alleged the judge made sarcastic and demeaning references and labeled her requests for relief as "prayers," thus requiring recusal. Judges and lawyers often refer to requests for relief as prayers.[3]

Plaintiff also avers the judge refused to hold an evidentiary hearing, concluded plaintiff's allegations were unsupported by evidence and that his rulings showed undue favoritism. We perceive no "'objectively reasonable' belief that the proceedings were unfair." DeNike, 196 N.J. at 517 (quoting Marshall, 148 N.J. at 279). "[B]ias is not established by the fact that a litigant is disappointed in a court's ruling on an issue." Marshall, 148 N.J. at 186.

The judge did not abuse his discretion in denying the recusal motion. We determine plaintiff's argument that recusal was compelled because a former Bergen County prosecutor joined the law firm hired by defendant while an investigation into defendant's conduct as a police officer by the prosecutor's office was ongoing, to be without sufficient merit to warrant discussion in this

---

[3] A "prayer for relief" is defined as "A request addressed to the court and appearing at the end of a pleading[] . . . . Often shortened to prayer." Black's Law Dictionary, 1213 (8th ed. 1999).

A-0404-17T1

opinion.  <u>R.</u> 2:11-3(e)(1)(E).  Defendant's counsel's alleged conflict involves none of the tenets impacting on the judge's decision.  <u>See</u> <u>R.</u> 1:12-1.

Domestic Violence

To the extent we have not addressed plaintiff's contentions regarding allegations of domestic violence, we again note a restraining order has not been granted and plaintiff admitted she did not submit evidence that defendant violated the civil restraints in place, violations which she conceded were not per se acts of domestic violence.  Plaintiff's requests that we determine whether "defendant's recent contact and communications were meant to alarm or did alarm or seriously annoy" her and grant a restraining order, are not cognizable on appeal.  Any victim of domestic violence is entitled to file a complaint with "the Family Part of the Chancery Division of the Superior Court in conformity with the Rules of Court."[4]  N.J.S.A. 2C:25-28(a).  Plaintiff may avail herself of that process if justified.

---

[4]  "On weekends, holidays and other times when the court is closed, a victim may [also] file a complaint before . . . a municipal court judge who shall be assigned to accept complaints and issue emergency, ex parte relief in the form of temporary restraining orders pursuant to this act."  N.J.S.A. 2C:25-28(a).

18

## Failure to Address Requests for Relief

A court is required, "by an opinion or memorandum decision, either written or oral, [to] find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right." R. 1:7-4(a). Plaintiff, citing to that Rule, argues we "should reverse the judge[']s decision to deny proper consideration of the requested items of relief by [her] in her [n]otice of [m]otion based on the inadequacy of the [judge's] findings and conclusions."

In her first notice of motion, plaintiff did not, as required by Rule 1:6-2(a), set forth the grounds upon which each prayer for relief that she set forth in her certification supporting that motion was made or the nature of the relief she sought. Nevertheless, the trial court judge did address prayers which were set forth only in plaintiff's certification, albeit, at times, tersely.

The judge addressed only three of plaintiff's claims made in her second motion although the notice of motion set forth six prayers. Although some of the other claims were addressed in the judge's first decision, the better course would have been to follow suit and address the all six claims in the second decision.

Neither the litigants nor we are well-served by an opinion lacking analysis. Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 498 (App. Div. 2000). Appellate review is impeded, if not precluded, when a trial court does not specifically address arguments properly made by a movant. A decision that identifies a movant's contentions fosters appellate review and ensures the parties – particularly, self-represented litigants – that their requests were heard.

Nonetheless, as we have determined, the record does not support plaintiff's second-motion claims that were not addressed: for an adjustment of child support, changes to the visitation arrangement or enforcement of litigant's rights. After reviewing that record, we see no reason to disturb the trial court's denial of both plaintiff's motions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0404-17T1