**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3253-19

GULBIR KAUR ANAND,
Executor of the Estate of
AMRIT KAUR ANAND,

     Plaintiff-Appellant,

v.

UPKAR ANAND , JASJOT
ANAND, and KIRAN GULATI,

     Defendants-Respondents.

_____

Submitted April 13, 2021 – Decided April 30, 2021

Before Judges Haas and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6048-19.

Woolson Anderson Peach, PC., attorneys for appellant (Mark S. Anderson, on the briefs).

Upkar Anand, Jasjot Anand and Kiran Gulati, respondents pro se.

PER CURIAM

Plaintiff Gulbir Kaur Anand appeals from the Law Division's April 2, 2020 order, which granted defendants' motion to dismiss her complaint "on both the basis of improper venue and forum non conveniens." Because the record developed before the trial court is insufficient to permit appellate review, we are constrained to vacate the court's order and remand for further proceedings.

We begin by summarizing plaintiff's factual allegations as set forth in her barebones complaint. Plaintiff is the executor of the estate of Amrit Kaur Anand (Amrit),[1] who died in January 2015. Prior to her death, Amrit executed a power of attorney in favor of defendant Upkar Anand (Upkar). According to the complaint, Amrit owned real property. Acting pursuant to the power of attorney, Upkar sold the property, but did not "fully and completely account to" Amrit for the proceeds of the sale.

Upkar allegedly gave some of the money to defendant Jasjot Anand (Jasjot) and also used some of the funds to acquire assets in Jasjot's name. Plaintiff also alleged that Upkar improperly gave money from the sale of Amrit's property to defendant Kiran Gulati (Kiran) or used that money to buy assets in

---

[1] Because plaintiff, the decedent, and two of the three defendants share the same surname, we refer to Gulbir Kaur Anand as "plaintiff," and to the decedent and all three defendants by their first names in order to avoid confusion. In doing so, we intend no disrespect.

A-3253-19

Kiran's name. Plaintiff alleged that after Amrit died, Upkar declined to provide an accounting to the estate for these funds despite her repeated requests that he do so.

In her five-count complaint, plaintiff asserted that Upkar breached his fiduciary obligation to transfer the funds from the sale of the property to the estate (count one); had been unjustly enriched by his retention of the funds (count two); and improperly converted the proceeds to his own use or the use of others (count three). Plaintiff also alleged that both Jasjot (count four) and Kiran (count five) were unjustly enriched by receiving this money from Upkar.

Defendants filed an answer and, before any discovery was taken, submitted a motion to dismiss the complaint because they believed it was improperly venued in Bergen County.[2] Defendants did not file any certifications or affidavits setting forth any facts and, although it appears they submitted documents with their motion, the parties dispute whether the documents they submitted are the same as those included in their appellate appendix.

---

[2] All three defendants lived and were served with process in Bergen County. Plaintiff lived in Somerset County. Plaintiff had earlier filed a complaint against Upkar and Jasjot in Somerset County, but the trial court in that vicinage dismissed it without prejudice after it concluded that plaintiff's action was improperly venued in Somerset County. Plaintiff did not file a notice of appeal from this decision.

Defendants argued that Amrit executed the power of attorney in the United Kingdom and that the property that Upkar sold was located in India. They argued that the land sale was consummated in India and that all the proceeds were held there in banks. In addition, defendants claimed that Amrit's will had been probated in the United Kingdom. Again, defendants did not submit any certifications verifying these factual assertions and plaintiff disputed many of them at the trial level.

Although defendants were relying on unverified facts outside the four corners of plaintiff's complaint, the trial court did not convert defendants' motion to dismiss to a motion for summary judgment as required by Rule 4:6-2(e). And, although defendants' factual assertions raised questions of jurisdiction, the court disposed of the motion to dismiss on venue grounds.

The court found that plaintiff's complaint was an action that dealt with a matter "affecting title to real property or a possessory or other interest therein, or for damages thereto" and, therefore, the action had to be venued where the property was located, the country of India, under Rule 4:3-2(a)(1). To support this conclusion, the court made only the following sparse findings:

> In the instant action, the real property at issue is located in India and all of the transactions at issue took place in the United Kingdom. The only nexus to Bergen County is that the defendants reside here. This

nexus is not enough to sustain this court's jurisdiction. The estate was probated in the United Kingdom and the real property at issue is located in India. The decedent executed a [p]ower of [a]ttorney in the United Kingdom. None of the transactions at issue took place in Bergen County and therefore the [c]ourt must dismiss the action on both the basis of improper venue and forum non conveniens.

In making this ruling, the trial court failed to consider plaintiff's contention that she was not disputing Upkar's authority under the power of attorney to sell Amrit's property, and she was not challenging the sale of that property. Instead, plaintiff was merely seeking an accounting, as the executor of Amrit's estate, of how Upkar disposed of the proceeds of that sale. Therefore, plaintiff argued that she had properly filed her complaint in Bergen County under Rule 4:3-2(a)(3), which states that unless otherwise specified in the Rules of Court, venue "shall be laid in the county in which the cause of action arose, or in which any party to the action resides at the time of its commencement." This appeal followed.

On appeal, plaintiff argues that the trial judge incorrectly dismissed her complaint on an incomplete record without fully considering her arguments. We agree.

We review a grant of a motion to dismiss de novo, applying the same standard under Rule 4:6-2(e) that governed the motion court. Frederick v.

5

Smith, 416 N.J. Super. 594, 597 (App. Div. 2010).  Such review "is limited to examining the legal sufficiency of the facts alleged on the face of the complaint," and in determining whether dismissal under Rule 4:6-2(e) is warranted, the court should not concern itself with the plaintiff's ability to prove her allegations. Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989).

Here, however, defendants made factual assertions that were not only outside the pleadings, but were also not supported by certifications or affidavits. Thus, rather than considering defendants' motion to dismiss and relying upon these unsupported factual claims, the trial court should have converted it to a motion for summary judgment, required the parties to submit the required certifications or affidavits, and, as required by Rule 4:6-2(e), disposed of the matter as provided by Rule 4:46.  Lederman v. Prudential Life Ins. Co., 385 N.J. Super. 324, 337 (App. Div. 2006).  Because the court failed to do so, we vacate the April 2, 2020 order dismissing plaintiff's complaint and remand for further proceedings.

To provide further guidance to the court and the parties on the remand, we add the following brief comments.  While venue is important in this, as in any other case, "[v]enue requirements are not jurisdictional."  State, Dep't of Env't. Prot. v. Middlesex Cnty. Bd. of Chosen Freeholders, 206 N.J. Super. 414, 420

(Ch. Div. 1985) (citing <u>Doyley v. Schroeter</u>, 191 N.J. Super. 120, 123 (Law Div. 1983)). Instead, these requirements "are rules of practice designed to place litigation at a location convenient to parties and witnesses." <u>Ibid.</u> (citing <u>Doyley</u>, 191 N.J. Super. at 126-28).

Here, the primary issue that needs to be immediately addressed on a full factual record is whether New Jersey properly has jurisdiction over the parties' dispute. Plaintiff's complaint contains only meager information concerning where the cause of action may have arisen and where Upkar may have distributed the proceeds of the sale of Amrit's property to himself and the other two defendants. Defendants allege that the money remained in India where the property was located, but they provided no proof this was the case.

Under these circumstances, the trial court should permit the parties to engage in a period of "jurisdictional discovery" before considering a motion for summary judgment. <u>See</u> <u>Rippon v. Smigel</u>, 449 N.J. Super. 344, 359 (App. Div. 2017) (quoting <u>Toys "R" Us, Inc. v. Step Two, S.A.</u>, 318 F.3d 446, 456 (3d Cir. 2003)). The trial court should also consider whether a "preliminary evidential hearing" on the issue of jurisdiction is necessary after the parties are afforded "an appropriate opportunity for discovery." <u>Ibid.</u> (quoting <u>Citibank, N.A. v. Estate of Simpson</u>, 290 N.J. Super. 519, 532 (App. Div. 1996)). If the question

7

of jurisdiction is resolved in favor of New Jersey having jurisdiction of this dispute, the trial court may then address the venue issue.

In addressing that issue, the court should consider the doctrine of forum non conveniens anew because it was inadequately addressed in the court's short April 2, 2020 decision. This doctrine, which is codified in Rule 4:3-3(a)(3), allows a court to "decline jurisdiction where there is available another forum where trial will best serve the convenience of the parties and the ends of justice." Gore v. U.S. Steel Corp., 15 N.J. 301, 305 (1954).

However, it is well settled that before the doctrine is applied in a case, the trial court should first allow the parties to conduct sufficient discovery in order "to enable the court to make a better-informed assessment" of the factors to be considered in applying this Rule. D'Agostino v. Johnson & Johnson, Inc., 115 N.J. 491, 494 n.1 (1989). This principle therefore provides further support for our conclusion that the trial court should not consider a motion for summary judgment in this case until the completion of a period of discovery, the parameters of which the court can set in a case management order.

Finally, we again note that the trial court's decision in this matter was largely conclusory and lacked meaningful findings of fact. As we have recently observed, "our function as an appellate court is to review the decision of the trial

court, not to decide the motion <u>tabula rasa</u>." <u>Estate of Doerfler v. Federal Ins. Co.</u>, 454 N.J. Super. 298, 301-02 (App. Div. 2018). Like every other case that comes before our courts, the resolution of this matter "required a careful analysis and the requisite findings to insure a just result." <u>Bailey v. Bd. of Review</u>, 339 N.J. Super. 29, 33 (App. Div. 2001). Here, the trial court did not identify the source of the limited fact findings it made, did not consider plaintiff's arguments on the venue question, and conflated that question with the issue of jurisdiction. On remand, we are confident that the court will clearly state its "factual findings and correlate them with the relevant legal conclusions." <u>Curtis v. Finneran</u>, 83 N.J. 563, 569-70 (1980).

In sum, we vacate the trial court's April 2, 2020 order and remand for further proceedings consistent with this opinion. Nothing within this opinion forecasts any view on the merits of plaintiff's claims against defendants nor on the question of whether defendants may be entitled to prevail on these issues after a fuller record is developed and presented to the trial court. We say no more than that the issues were not fully ripe for decision.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3253-19